390 So.2d 1236 (1980)
Claire WEISS, Appellant/Cross-Appellee,
v.
Max WEISS, Appellee/Cross-Appellant.
No. 79-364.
District Court of Appeal of Florida, Fourth District.
December 10, 1980.
Rehearing Denied December 24, 1980.
Richard A. Kupfer, of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant/cross-appellee.
Young, Stern & Tannerbaum, North Miami Beach, and Larry Klein, West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
This is an appeal by the wife and a cross-appeal by the husband from a final judgment in a dissolution proceeding. At the time he filed the petition for dissolution, the husband was 86 years of age, and the wife was 62. The parties were married in December, 1970. It was the second marriage for the husband and the third for the wife, both having survived their previous spouses.
Since the only point worthy of discussion is the award of the wife's interest in the home and furnishings of the parties to the husband as a special equity, we shall discuss only those facts relevant to that determination. When the parties were first married, they lived in the house in Hillside, New Jersey, where the husband had lived with his first wife. Thereafter they purchased a house in Palm Springs, California, sold the Hillside house and purchased a condominium in Freehold, New Jersey. Ultimately they sold the Freehold condominium and Palm Springs house and bought the house in Boca Raton, which is the subject matter hereof. Titles to the Palm Springs, Freehold and Boca Raton homes were in both parties' names.
The trial court found and held, inter alia:
1. The funds used to purchase the marital homeplace in Boca Raton came solely from the Husband as a result of the sale of previous homes including the sale of the marital homeplace of the Husband and his deceased first wife. While the home was titled in the names of both the Husband and Wife, the evidence is clear that the Husband did not intend to make a gift to the Wife, and it was admitted that the Wife made no monetary contributions toward the purchase of the home. Since the funds for the purchase of the home originated from a source unconnected with the marital relationship and there was no gift intended by the Husband, the Court finds that the Husband has a special equity in the Boca Raton home equal to the total ownership of said home... .
The record contains substantial competent evidence to sustain these findings. Consequently the trial court correctly concluded that the husband had a special equity in the *1237 Boca Raton home. Kaylor v. Kaylor, 390 So.2d 752 (Fla. 4th DCA 1980); Kellner v. Kellner, 388 So.2d 1274 (Fla. 4th DCA 1980); Aguiar v. Aguiar, 386 So.2d 280 (Fla. 4th DCA 1980); Duncan v. Duncan, 379 So.2d 949 (Fla. 1980).
Accordingly, the final judgment is affirmed.
AFFIRMED.
BERANEK, HERSEY and GLICKSTEIN, JJ., concur.