391 So.2d 340 (1980)
John P. STARCHER, Appellant,
v.
Annie Catherine STARCHER, Appellee.
No. 79-1904.
District Court of Appeal of Florida, Fourth District.
December 17, 1980.
*341 Robert C. Hill of Engel, Aronson, Fried & Cohn, Fort Lauderdale, for appellant.
Michael L. Gates of Kaplan & Jaffee, Hollywood, for appellee.
BERANEK, Judge.
The parties in this case had a nine-month live-in arrangement prior to a six-month marriage. During the period of the marriage a home was purchased and title was taken in their joint names. Although the husband claimed a special equity in the property, the final judgment pointedly left the property in joint names so they would become tenants in common.
The appellant contends the trial court erred in failing to specifically rule on his prayer for a special equity in said property and in not awarding him a special equity. We find that the trial court did rule on appellant's prayer and denied it. However, in denying any special equity, we feel the trial court erred.
The record reflects that the entire down payment for the property was paid by the husband from funds generated from the sale of real and personal property he owned prior to the marriage. Thus, it would appear that the husband was entitled to a special equity in the wife's undivided interest in said property. Ball v. Ball, 335 So.2d 5 (Fla. 1976).
The wife claims that she also made contributions from a source unconnected with the marriage toward improvements of the property and its furnishings. Instead of asserting a right to a special equity in the property, however, the wife claimed these matters as a "defense" to the husband's claim for a special equity. The theory of a special equity is that of an interest in property which vests at a point in time when that person makes a contribution of funds, property, or services toward acquisition or betterment of property from a source unconnected with the marriage. See Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), and Claughton v. Claughton, ___ So.2d ___ (Florida Case No. 55,227, opinion filed October 23, 1980). A special equity is not properly considered as a pure defense against the special equity claims of the opposing spouse. Here, the husband's special equity came into existence when he made the down payment on the home from a source unconnected with the marriage. Later substantial expenditures by wife on the home may or may not give rise to a special equity in her own right but such expenditures do not do away with the husband's already vested interest in the property.
Although the wife's answer sought alimony rather than a special equity, we have considered all of the evidence and conclude that even if properly pled, the wife failed to prove a right to a special equity in the property in question. Most of the items asserted by the wife in her resistance against the husband's claims were in the nature of minor household purchases, maintenance expenses, and general living expenses. We conclude that these expenditures by the wife were not sufficient to require an award of a special equity to her as a matter of law.
Accordingly, the judgment appealed from is reversed and the cause is remanded to the trial court with directions to determine the value of the husband's special equity claim in the wife's undivided interest. If the trial judge feels this modification of the property disposition warrants reconsideration of other aspects of the final judgment relative to alimony, he is authorized to reconsider that award in such a fashion as may be justified by the record.
REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY and GLICKSTEIN, JJ., concur.