430 So.2d 991 (1983)
Annie Catherine STARCHER, Appellant,
v.
John P. STARCHER, Appellee.
No. 81-1682.
District Court of Appeal of Florida, Fourth District.
May 11, 1983.
*992 Michael L. Gates of Kaplan, Jaffe and Gates, P.A., Hollywood, for appellant.
Robert C. Hill of Law Offices of Max P. Engel, Miami, for appellee.
WALDEN, Judge.
This is an appeal from an amended final judgment in a dissolution of marriage action, which judgment was entered pursuant to this court's mandate in the case of Starcher v. Starcher, 391 So.2d 340 (Fla. 4th DCA 1980). We therein remanded "with directions to determine the value of the husband's special equity claim in the wife's undivided interest." Moreover, the trial court was authorized to reconsider other aspects of the final judgment relative to alimony.
For background, during the course of a short marriage the parties purchased a home and title was taken in their joint names. The purchase price was $56,000.00 and the husband furnished the down payment of $13,210.45 from funds generated from the sale of property owned by him prior to the marriage.
In this court's opinion earlier entered in Starcher v. Starcher, supra, the wife's undivided one-half interest in the marital home was recognized and it was held that the husband was entitled to a special equity in that interest by reason of the aforementioned down payment. It was also determined that the wife was not entitled to a special equity on account of the expenditures she had made. Finally, an order was contemporaneously entered granting the wife's motion for attorney's fees for services rendered in that prior appeal, and same was remanded to the trial court for an assessment of the amount.
Upon remand the only testimony taken was that of an expert witness as to a reasonable amount of attorney's fees for the wife's attorney on account of the prior appeal. The unrebutted testimony was that the fee should be $1,000.00.
The amended final judgment in accordance with the mandate which is now appealed provided:
2. That as to the marital home of the parties, the Husband is awarded a special equity equal to the total one-half interest of the wife.
3. That there are no additional awards of alimony, attorney's fees or costs other than as awarded in the original Final Judgement [sic] of August 16th, 1979.
We find neither error nor abuse of discretion in the trial court's refusal to award the wife additional alimony. We, therefore, affirm that portion of the amended final judgment.
The wife is aggrieved by that part of the amended final judgment which awarded the husband a special equity in the marital home equal to the wife's total one-half interest, which determination wiped out the wife's interest. We agree that such award was error and reverse that portion of the amended final judgment.
Recently, since the entry of the judgment here appealed, the Supreme Court of Florida promulgated a formula which is applicable here. In Landay v. Landay, 429 So.2d 1197 (Fla. 1983) it was stated:
the correct formula to be used in situations where a spouse furnishes some but not all of the consideration for entireties property, may be stated thusly: in addition to that spouse's automatic one-half share, the contributing spouse acquires a special equity in the property equal to one-half the ratio which that spouse's *993 contribution bears to the entire consideration.
Id. 429 So.2d 1198.
To the best of our ability we have calculated the Starchers' situation using the Landay formula.[1] Thereby the husband would receive a 61.8 percent interest in the property and the wife a 38.2 percent interest. Upon remand this finding should be implemented.
From the record it appears that the husband urged the case of Weiss v. Weiss, 390 So.2d 1236 (Fla. 4th DCA 1980), upon the trial court as authority for determining that the wife had no ownership in the marital home. Assuming that this was the basis for the trial court deciding that the husband's special equity was equal to the total one-half interest of the wife, we feel that the Weiss case was an inappropriate precedent for such decision because of its manifest factual differences.
In Weiss the entire ownership of the home was awarded to the husband as a special equity. However, in Weiss the husband paid the total purchase price from sources unconnected to the marital relationship and not, as here, just a portion. Even more importantly, in Weiss, although the home was jointly titled, the court found that no gift was intended and it thereby follows that, different from here, the wife did not have a recognized 50% interest as a tenant in common subject only to the husband's claim of special equity.
Finally we come to the question of the denial of attorney's fees on account of services rendered by the wife's attorneys in the prior appeal. This was made a point in this timely appeal by the wife. The husband concedes that the trial court erred in not making an award pursuant to this court's order. However, procedurally, the husband successfully moved this court to strike this point on appeal. The basis for his motion was Florida Rule of Appellate Procedure 9.400(c) which provides, "Review of orders rendered pursuant to this rule shall be by motion filed in the court within 30 days of rendition." Clearly, this Rule was not followed in that the review was not by motion but rather by point on appeal. We record that the Rule is clear and unambiguous.
Somewhat reluctantly we reverse our order striking this portion of the appellant's brief and create an exception to the Rule and decide that under these circumstances a party can, as an alternative to motion review within 30 days of rendition, raise the point in an appeal. See A.Z. v. State, 404 So.2d 386 (Fla. 5th DCA 1981). See also Fla.R.App.P. 9.400(c). We do this based on these factors: (a) The appellee will not suffer any harm or prejudice. If anything it will be to his benefit as it will only serve to postpone the due date for him to pay his wife's attorney's fees. (b) Such procedure probably will simplify the appellate process by reducing the applications from two to one and by making it necessary to supply only one transcript instead of two transcripts of the testimony.
By way of careful limitation, we hold that if the only grievance is the assessment of attorney's fees and costs under Florida Rule of Appellate Procedure 9.400(a) and (b), it must be brought to this court by motion in strict accordance with the provisions of Florida Rule of Appellate Procedure 9.400(c). It is only where, as here, there are other points on appeal, points other than the assessment of attorney's fees and costs under Florida Rule of Appellate Procedure 9.400(a) and (b), that such review may also be obtained by raising same as an additional point on appeal.
We decide, based on the record, that in response to the motion for attorney's fee filed by Michael L. Gates, Esq., of Kaplan and Jaffee, P.A., which motion was granted by order dated December 17, 1980, said attorney's fees are assessed in the amount of $1,000.00.
*994 Affirmed in part; reversed in part; remanded for further proceedings consistent herewith.
LETTS, C.J., and DOWNEY, J., concur.
NOTES
[1] We note that the Landay opinion obviously overruled the approach taken in Braddock v. Braddock, 405 So.2d 995 (Fla. 1st DCA), petition for rev. dismissed, 411 So.2d 380 (Fla. 1981), even though the Braddock case was not mentioned in Landay.