601 So.2d 317 (1992)
Philo B. UNDERWOOD, Appellant,
v.
Wilma J. ELLIOTT, formerly Wilma J. Underwood, Appellee.
No. 91-2975.
District Court of Appeal of Florida, First District.
July 23, 1992.
Floyd G. Yeager, Jacksonville, for appellant.
Terrance A. Jones, Orange Park, for appellee.
PER CURIAM.
Appellant, the former husband, challenges an order of the trial court denying his motion for reduction in child support, ordering him to pay a child support arrearage, and awarding amounts for the former wife's attorney's fees. We affirm the trial court's order in all respects except the award of $2500 for attorney's fees incurred by the former wife in the previous appeal.
When this court disposed of the former husband's initial appeal, the former wife's motion for appellate attorney's fees was provisionally granted pursuant to Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977), and the case was remanded to the trial court to determine the amount of the award. In the order presently under review, the trial court determined that $2500 was a "fair and equitable" amount for appellate fees. The order does not address the criteria set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). Consequently, we must reverse the attorney's fee award and remand so that the trial court can set forth specific findings as to the Rowe factors. See Parker v. Parker, 553 So.2d 309, 311-12 (Fla. 1st DCA 1989).[1]
*318 AFFIRMED in part, REVERSED and REMANDED in part.
MINER, ALLEN and WEBSTER, JJ., concur.
NOTES
[1] We recognize that a trial court's assessment of attorney's fees pursuant to an appellate court's order is properly challenged by motion filed in the appellate court. Fla.R.App.P. 9.400(c). However, it is permissible to raise such a challenge as a point on appeal where, as here, there are additional issues other than the assessment of attorney's fees. See Starcher v. Starcher, 430 So.2d 991, 993 (Fla. 4th DCA 1983).