651 So.2d 1244 (1995)
Sophia Elizabeth STOKUS and Victoria Ellen Olson, Appellants,
v.
Wayne T. PHILLIPS, Appellee.
No. 94-00346.
District Court of Appeal of Florida, Second District.
March 10, 1995.
Paul F. Probst, Jr. of Conklin, Stanley & Probst, P.A., Clearwater, for appellants.
Wayne T. Phillips, pro se.
FRANK, Chief Judge.
We have reviewed and reversed an order denying an award of costs and attorney's fees to Sophia Stokus and Victoria Olson.
The underlying controversy originated in a probate proceeding after a notice of final accounting and petition for discharge were filed by Wayne Phillips, the personal representative of and the attorney for the Estate of Josephine A. Goodson. Stokus and Olson, the primary beneficiaries of the estate, objected to the final accounting. They initiated an adversary proceeding to surcharge Phillips for mishandling the estate's administration and a final judgment was entered against him.[1] The trial court reserved jurisdiction to determine appropriate attorney's fees and costs. Stokus and Olson filed a motion to tax attorney's fees and costs in accordance with section 733.609, Florida Statutes (1991).[2] Phillips reacted with a request to produce, seeking "[a]ll handwritten or original time records of all attorneys ... who performed services in the [surcharge] *1245 matter" and copies of any bills or invoices reflecting the legal services rendered. In responding to the request, the attorney for Stokus and Olson delivered copies of his statements detailing the efforts he expended in the surcharge proceedings. The subsidiary daily time records, however, were not provided to Phillips and thus was created the dispute we resolve.
Steven Nilsson, an attorney, testified on behalf of Stokus and Olson in the fee hearing and, from his review of the documents supplied to Phillips, he concluded that $150 was a reasonable hourly rate and that between 230 to 260 hours was a reasonable expenditure of time for representing Stokus and Olson in the surcharge litigation. For the services of James Baxter, an attorney who testified as an expert in this matter, Nilsson recommended a reasonable hourly rate of $175 for between 30 and 45 hours.
Following Nilsson's testimony, Phillips objected to the form of the production on the grounds that the billing invoices were not the best proof of a reasonable fee. The trial court agreed and ordered the daily time records furnished to Phillips. Phillips thereafter received ten boxes of files from the attorney who represented Stokus and Olson, but Phillips rejected those materials and asked the court to require the production to be in a "clear, concise and readily reviewable manner." The trial court refused Phillips' request but counsel for Stokus and Olson nonetheless told Phillips that he would arrange a time for him to examine the daily time sheets. Phillips, however, failed to pursue that offer. In spite of his seeming indifference toward the availability of the supporting documents, when the fee hearing resumed he renewed his objection to the use of billing statements as evidence of a reasonable fee. He urged the notion that those statements were, in effect, "summaries" of evidence, reliance upon which offended section 90.956, Florida Statutes (1991). His contention was bottomed on the claim that the proponent of a summary is required to serve timely written notice upon the opposing party of his intention to rely upon such evidence.[3] The trial court agreed:
[Stokus's and Olson's] counsel did not comply with the statute by giving "timely written notice of his intention to use the summary ..." nor does the court find that [Stokus's and Olson's] counsel made "the summary and the originals and duplicates of the data from which the summary is complied [sic] available for examination or copying... ." The court construes the request of [Phillips] to review, to be a request to review the actual time records kept on a daily basis. The court further finds that [Stokus's and Olson's] counsel had a duty to assemble and put together the time records kept on a daily basis and make them readily available to [Phillips] at a reasonable time and place.
Hence, all fees and costs potentially taxable against Phillips were denied.[4]
We are persuaded that the trial court was in error. Stokus and Olson satisfied the request for production and the billing invoices they delivered to Phillips were more than mere "summaries." The documents were descriptive statements disclosing the legal services performed on behalf of Stokus and Olson, the time expended, the rate at which those services were billed, and the total cost of each item. It is significant that Nilsson, after reviewing the same documents, had no difficulty offering his opinion as to a reasonable attorney's fee. In Glades, Inc. v. Glades Country Club Apartments Ass'n, Inc., 534 So.2d 723 (Fla. 2d DCA 1988), review dismissed, 571 So.2d 1308 (Fla. *1246 1991), we determined that competent proof of an attorney's time and services is not restricted to the original time records. Substantial competent evidence of a reasonable fee may include "reconstructed" records. See City of Miami v. Harris, 490 So.2d 69, 73 (Fla. 3d DCA 1985), cert. denied, 479 U.S. 1031, 107 S.Ct. 876, 93 L.Ed.2d 830 (1987). We have reviewed the billing statements supplied to Phillips and, in our opinion, they are of sufficient evidentiary quality to sustain an award of fees and costs.
Moreover, even after Phillips received the ten boxes containing the original time sheets, he refused to assess the documents, claiming they were burdensome. It is evident from the course this matter followed after the trial court compelled the production of documents that Phillips made no attempt to achieve the kind of examination he insisted was necessary although the documents were available to him. In short Phillips was the architect of the circumstances leading to the result we have reached. The fees sought by Stokus and Olson should have been awarded.
Finally, Stokus and Olson have also challenged the denial of their request for an expert fee for James Baxter, an attorney who testified on their behalf and in favor of their surcharge petition in the adversary proceeding. Pursuant to section 92.231, Florida Statutes (1991), expert witness fees may be taxed as costs for a lawyer who testifies as an expert. See Travieso v. Travieso, 474 So.2d 1184 (Fla. 1985). We view Travieso to mean that an award of such fees is not discretionary if the testifying attorney expects to be compensated for his testimony. Straus v. Morton F. Plant Hosp. Foundation, Inc., 478 So.2d 472 (Fla. 2d DCA 1985).
Accordingly, we reverse and remand this matter for further consideration consistent with this opinion.
DANAHY and LAZZARA, JJ., concur.
NOTES
[1] The trial court found Phillips indebted to the estate for the amount of $20,996.40. We affirmed the trial court on appeal. Phillips v. Stokus, 626 So.2d 1378 (Fla. 2d DCA 1993) (per curiam).
[2] Florida Statute Section 733.609 is the surcharge provision of the Florida Probate Code, according to which the trial court, "[i]n all actions challenging the proper exercise of a personal representative's powers," is required to award taxable costs, "including attorney's fees."
[3] Section 90.956, Florida Statutes (1993), provides:

When it is not convenient to examine in court the contents of voluminous writings, recordings, or photographs, a party may present them in the form of a chart, summary, or calculation by calling a qualified witness. The party intending to use such a summary must give timely, written notice of his intention to use the summary, proof of which shall be filed with the court, and shall make the summary and the originals or duplicates of the data from which the summary is compiled available for examination or copying, or both, by other parties at a reasonable time and place. A judge may order that they be produced in court.
[4] Only the reasonable fees associated with the expert testimony of Steven Nilsson were awarded at the fee hearing.