656 So.2d 566 (1995)
G.H. JOHNSON CONSTRUCTION CO., Appellant,
v.
A.P.G. ELECTRIC, INC., Appellee.
No. 94-02071.
District Court of Appeal of Florida, Second District.
June 14, 1995.
Jawdet I. Rubaii and Jack F. White, III, of Jawdet I. Rubaii, P.A., Clearwater, for appellant.
Dennis J. Watson, Clearwater, for appellee.
PARKER, Acting Chief Judge.
G.H. Johnson Construction Co. (Johnson) appeals the trial court's order which set the amount of appellate attorneys' fees of A.P.G. Electric, Inc. (A.P.G.). We conclude that the trial court abused its discretion and are compelled to reduce the fee award.
In the initial case A.P.G. filed a three-count complaint against Johnson for account stated, open account, and sums due on account. Johnson responded to the complaint with fourteen affirmative defenses. In a one-day nonjury trial, the trial court found for A.P.G. on the theories of account stated and sums due and awarded $22,392 plus interest. This court affirmed that judgment and awarded appellate attorneys' fees and remanded the case to the trial court to set the amount of those fees. The trial court's order setting the appellate fees is now before this court.
The one-day trial consisted of eight or nine witnesses and resulted in a 171-page transcript. The trial court awarded A.P.G. a fee award of approximately $10,000 for the trial. Johnson has paid that award. Johnson's initial appellate brief, including the certificate of service page, was twenty-one pages. Johnson presented four issues on appeal and cited ten cases in its brief. A.P.G.'s answer brief, including the certificate of service page, was eighteen pages. A.P.G. cited nineteen *567 cases in its brief, three of which were the same cases that Johnson cited.
Mr. Watson, A.P.G.'s attorney at trial, sought 42.3 hours at $165 per hour for his work on appeal.[1] This work is broken down as follows:

  Telephone conferences  client 1.3 hours
  Record, brief, and pleading review; drafting
 motions, orders, and letters; research;
 and telephone conferences with
 opposing attorney 14.3 hours
  Planning for oral argument 21.4 hours
  Preparation for and attendance at oral
 argument 5.3 hours
 __________
 42.3 hours

Mr. Greenleaf, an associate in Watson's firm, sought 31.80 hours at $125 per hour for his work. His work is broken down as follows:

  Review of pleadings, discovery, exhibits,
 and trial transcript 3.2 hours
  Research law 4.8 hours
  Review Johnson's brief 2.0 hours
  Preparation of A.P.G.'s brief 21.8 hours
 __________
 31.8 hours

An attorney testified at the fee hearing that he had reviewed the work of the attorneys representing A.P.G. and found that the fees sought were reasonable. Johnson presented two attorneys who testified that the reasonable fee for this case should be between $2500 and $3500. The trial court awarded A.P.G. forty hours at $165 per hour and thirty-one hours at $125 per hour for a total of $10,475.
We are mindful of the fact that this court should not substitute its judgment for that of the trial court, see Hutchinson v. State, 505 So.2d 579 (Fla. 2d DCA 1987), review dismissed, 519 So.2d 603 (Fla. 1988); however, an award for excessive hours is subject to an appellate court's reduction. Dalia v. Alvarez, 605 So.2d 1282 (Fla. 3d DCA 1992). There are some cases, such as the instant case, where the hours compensated in the fee award are too excessive in relation to the time that attorneys in the community reasonably would expend to accomplish a comparable task. See, e.g., Gevertz v. Gevertz, 608 So.2d 129 (Fla. 3d DCA 1992); Dalia, 605 So.2d at 1283-84; Guthrie v. Guthrie, 357 So.2d 247 (Fla. 4th DCA 1978).
We also are mindful that it was this court which directed the trial court to determine a reasonable attorney fee; however, where the appeal is before this court and we can review the record, the briefs, and the research that was involved in the appeal, this court is equally able to determine the reasonable amount of time that the attorneys representing A.P.G. should have expended in this appeal. Our review leads us to conclude that the trial court abused its discretion in the amount of attorneys' fees it awarded in this case. We conclude that 21.4 hours in planning for oral argument is excessive in this case and direct the trial court to strike ten hours from the time Watson had claimed for preparation of oral argument. We further conclude that the time spent discussing the appeal with the client is not reasonably necessary and that Johnson should not bear the expense for that time spent on this task. See Guthrie, 357 So.2d at 248. We, accordingly, direct the trial court to strike 1.3 hours spent in conference with client. Greenleaf claimed 5.2 hours for reviewing the record, transcript, and opposing counsel's brief. Watson also claimed a substantial amount of time for performing these same tasks. Greenleaf's time, therefore is duplicative of Watson's in this regard. We, therefore, direct the trial court to strike 5.2 hours of Greenleaf's time. Thus, based on our preceding conclusions, we direct the trial court to enter an amended attorneys' fee award of $8840.
Reversed and remanded with directions.
PATTERSON and QUINCE, JJ., concur.
NOTES
[1] An exhibit of A.P.G. shows that it requested compensation for 42.8 hours of Watson's work. Our tabulation from the individual time records shows 42.3 hours for Watson. We believe the difference is caused by the fact that Watson reduced his hours for work done on November 8, 1993, from 2.7 hours to 2.2 hours when the firm billed the client. Watson apparently failed to make this same reduction when he requested the award.