687 So.2d 282 (1997)
Joseph R. PELLAR and Sweetwater Village Development, Inc., Appellants,
v.
GRANGER ASPHALT PAVING, INC., Appellee.
No. 96-1665.
District Court of Appeal of Florida, First District.
January 16, 1997.
*283 Steve Lewis and John W. Forehand of Lewis, Longman and Walker, Tallahassee, for Appellants.
Larry A. Bodiford of Hutto and Bodiford, Panama City, for Appellee.
PADOVANO, Judge.
Joseph R. Pellar and Sweetwater Development, Inc., appeal a final order of the trial court determining the amount of appellate attorney's fees for their successful defense of a prior appeal. The sole argument for reversal is that the amount of the attorney's fee award is inadequate. We treat the present appeal as a motion for review under Rule 9.400(c), Florida Rules of Appellate Procedure, and, finding no abuse of discretion, we affirm.
The original controversy arose from a dispute concerning the performance of a road paving contract. Granger Asphalt Paving, Inc., sued Pellar for breach of contract and unjust enrichment and to foreclose a mechanic's lien. In a separate lawsuit, Sweetwater and Pellar asserted a claim against Granger for breach of the same contract. By stipulation, the two cases were consolidated and presented in a single nonjury trial. The trial court found that Granger had breached its contract with Sweetwater and awarded Sweetwater damages of $53,581 against Granger. The court also found that Sweetwater had been unjustly enriched by the labor, services, and materials provided by Granger, and awarded Granger damages of $44,312.80 against Sweetwater. As a result of these findings, the court rendered judgment for Sweetwater for $9,268.20, the difference between the two awards. The court then ruled that Granger had not prevailed against Pellar on the mechanic's lien claim and was therefore not entitled to any relief against Pellar.
Granger appealed to this Court contending that the trial court erred in consolidating the two cases and adopting a "net winner" approach to the damages awards. Sweetwater filed a cross appeal asserting as error the *284 trial court's failure to include prejudgment interest in the amount due from Granger. We affirmed the appeal without discussion, but reversed on the cross appeal and remanded with directions to include prejudgment interest. Granger Asphalt Paving, Inc. v. Pellar, 668 So.2d 345 (Fla. 1st DCA 1996). We also granted the motion by Pellar and Sweetwater for appellate attorney's fees and remanded the case to the trial court for determination of the amount.
Following the appeal, Pellar and Sweetwater presented their claim in the trial court for attorney's fees and costs totaling $10,351.51. This figure includes $631 for reproducing the trial transcript, an expense caused by the trial lawyer's alleged refusal to cooperate with appellate counsel. Pellar and Sweetwater called their appellate counsel as a witness to verify the time records and they presented the expert testimony of another lawyer who rendered an opinion that the fees were reasonable. Granger presented no testimony on the issue of the reasonableness of the amount.
The trial court ruled that Granger should not be required "to repay Pellar for the problems with his attorney" and therefore did not include the cost of the transcript or eight hours of paralegal time attributed to preparation of the transcript. As for the value of the legal services, the trial court concluded that the appeal involved only a minor issue. Consequently, the court reduced the amount requested and ordered Granger to pay Pellar and Sweetwater $2,500 in fees with $344.61 in costs for a total of $2,844.61, with interest.
Rule 9.400(c) of the Florida Rules of Appellate Procedure provides that review of an order determining appellate costs or fees "shall be by motion filed in the court within 30 days of rendition." The term "court" is used throughout the appellate rules to mean the appellate court. Fla.R.App.P. 9.020(c). Thus, the correct method of seeking review of an order on appellate costs or attorney's fees is to file a motion for review in the appellate court in the proceeding that was the subject of the award, within 30 days of rendition of the order in the lower tribunal. See Cline v. Gouge, 537 So.2d 625 (Fla. 4th DCA 1988); Altamonte Hitch and Trailer Service, Inc. v. U-Haul Company of Eastern Florida, 483 So.2d 852 (Fla. 5th DCA 1986); Starcher v. Starcher, 430 So.2d 991 (Fla. 4th DCA 1983). Failure to file a motion for review in the appellate court as required by rule 9.400(c) may even result in a denial of the right of review. See, e.g., Magner v. Merrill Lynch Realty/MCK, Inc., 585 So.2d 1040 (Fla. 4th DCA 1991).
An order determining the amount of appellate attorney's fees on remand from an appellate court has the characteristics of a final order but review of such an order by a plenary appeal is not necessary or even proper. Rule 9.400(c) enables the parties to pursue a one-step method of review that is more practical than an appeal and much less expensive. The procedure does not require the payment of a filing fee or the preparation of a formal record. Testimony and other evidence before the trial court can be presented in an appendix to the motion filed in the appellate court.
Although an appeal is not the proper remedy, the filing of an appeal in this case does not foreclose the right of review. Rule 9.040(c), Florida Rules of Appellate Procedure, provides in material part that "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought." In General Accident Insurance Company v. Packal, 512 So.2d 344 (Fla. 4th DCA 1987), the court treated a notice of appeal from an order awarding appellate attorney's fees as a motion for review of the order under rule 9.400(c). The same result is required here. The notice of appeal was filed within the time for filing a motion for review and the error in the form of the remedy did not prejudice the rights of any party. Applying the general principle of rule 9.040(c), we treat the notice of appeal as a motion for review of the order on appellate costs and fees.
An order setting the amount of appellate attorney's fees is reviewable on the merits by the abuse of discretion standard. G.H. Johnson Construction Co. v. A.P.G. Electric Inc., 656 So.2d 566 (Fla. 2d DCA 1995). As with other discretionary decisions, *285 we must affirm the order of the trial court if reasonable people could differ as to the propriety of the action taken. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). There is, however, one unique aspect of the court's review of an order setting appellate attorney's fees. Because the legal work was done in the appellate court, the court can examine the file as a part of its review of the trial court order. Dalia v. Alvarez, 605 So.2d 1282 (Fla. 3d DCA 1992). Our examination of the file in the previous appeal and the record of the proceedings in the trial court on remand does not reveal an abuse of discretion.
Pellar and Sweetwater easily refuted Granger's argument in the previous appeal. Granger could not prevail on his argument that the trial court erred in adopting a "net winner" approach because the parties had stipulated to the consolidation of the cases and because the trial court had properly segregated the individual claims. Granger's initial appellate brief was fifteen pages long. The answer brief filed by Pellar and Sweetwater was eighteen pages long, including the cross appeal which consumed two of those pages. For this work, the appellate attorney claimed 90.6 hours at $110 per hour. The amount of fees requested includes such items as $88 for refiling an amended answer brief with a proper conclusion not exceeding one page, many telephone conferences of .20 hours at $22 each, and approximately 73 hours of work in research and preparation of the answer brief. Because Pellar and Sweetwater were the appellees, they were not required to initiate the appeal or prepare the record. There was no oral argument and consequently no expense incurred for preparation or travel to the appellate court. In similar circumstances the court in Dalia reversed an award of $10,000 in appellate fees as clearly excessive given the uncomplicated nature of the appeal.
The fact that the award of appellate attorney's fees was only one fourth the amount requested does not in itself establish an abuse of discretion. The fallacy of this argument is that it assumes the requested amount is a reasonable starting point in the analysis. Nor can we say that an abuse of discretion is shown merely because the opposing party did not present evidence to refute the claimant's expert testimony regarding the amount of the fees. The amount of attorney's fees requested should be reduced if the trial court finds that it is excessive based on the record as a whole.
We cannot substitute our judgment for that of the trial court. Pellar and Sweetwater have not shown that the court abused its discretion in setting the amount of appellate attorney's fees for services rendered in the previous appeal. Therefore we affirm.
Affirmed.
BOOTH and VAN NORTWICK, JJ., concur.