854 So.2d 722 (2003)
Frederick L. ROCK and Terri L. Rock, husband and wife, Appellants,
v.
PRAIRIE BUILDING SOLUTIONS, INC., a Florida corporation, Appellee.
No. 2D02-1375.
District Court of Appeal of Florida, Second District.
August 20, 2003.
*723 Daniel P. Rock, New Port Richey, for Appellants.
No appearance for Appellee.
KELLY, Judge.
Frederick and Terri Rock appeal the final judgment confirming an arbitration award and awarding attorney's fees and costs. We affirm in part and reverse in part.
The Rocks entered into a contract with Prairie Building Solutions, Inc. (the Contractor) for the remodeling and expansion of a residence. The Rocks ultimately brought a breach of contract action against the Contractor. The Contractor then filed a contractor's lien action against the Rocks. Pursuant to the contract, the parties proceeded to arbitration to resolve the dispute. After a hearing, the arbitrator concluded that the Rocks prevailed both on their contract action and on the contractor's lien action.
*724 Thereafter, the Rocks moved to confirm the arbitration award and to determine attorney's fees and costs. The Rocks requested that the lien recorded on the property by the Contractor be released, that they be awarded attorney's fees and litigation costs for defending the lien foreclosure action and the contract action, and that they be awarded prejudgment interest on the award of damages and attorney's fees and costs from the date of the final arbitration award. Following the trial court's order which awarded interest from the date of the final judgment confirming the arbitration award, the Rocks timely appealed the trial court's failure to award certain attorney's fees, interest, attorney expert witness fees, and other litigation costs.
The Rocks first argue that the trial court erred in failing to award them the $2500 in attorney's fees paid to attorney William Carlson, who represented them in their breach of contract action before the Contractor filed its lien foreclosure action. We find no merit in this argument and affirm without discussion the trial court's decision.
The Rocks next contend that the trial court erred in failing to award them prejudgment interest on the arbitration and attorney's fee award. We agree. Interest on attorney's fee awards begins to accrue on the date entitlement to attorney's fees is fixed through agreement, arbitration award, or court determination even though the amount of the award has not yet been determined. Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996). The parties agreed that the arbitrator would determine entitlement to attorney's fees and costs. When the arbitrator found that the Rocks prevailed, their entitlement to attorney's fees was fixed. Thus, interest should have been awarded on the arbitration award from October 24, 2001, the date of the final arbitration award.
Next, the Rocks argue that the trial court erred in failing to award them the court reporter's per diem attendance fees for the arbitration and evidentiary hearing on attorney's fees and costs ($830 and $75 respectively). We agree. Section 57.071, Florida Statutes (2000), provides in part:
(1) If costs are awarded to any party, the following shall also be allowed:
....
(b) The expense of the court reporter for per diem, transcribing proceedings and depositions, including opening statements and arguments by counsel.
Because the trial court awarded costs to the Rocks, it should have included the court reporter's per diem in the award.
The trial court's failure to award the Rocks the fee paid to attorney Richard Pettit who testified at the hearing in order to establish the reasonableness of the Rocks' attorney's fees was also error. Mr. Pettit testified as an expert regarding the time preparing for and testifying at the hearing on the attorney's fee and costs awards. His testimony addressed the reasonableness of the number of hours expended by the Rocks' two attorneys (Carlson and Rock) on the breach of contract and contractual lien issues. Expert witness fees paid to the testifying expert are not discretionary if the attorney expects to be compensated for his testimony. Stokus v. Phillips, 651 So.2d 1244 (Fla. 2d DCA 1995). Because Mr. Pettit had such an expectation, the trial court should have awarded him the $1000 fee for his testimony.
The Rocks also contend that the trial court's failure to award them one-half of the arbitrator's fee was error. We disagree. *725 Section 682.11, Florida Statutes (2000), provides:
Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
Nothing in the contract between the parties controls the payment of arbitration costs. Accordingly, the arbitrator's conclusion regarding payment of his fee is presumptively valid. See Davidson v. Lucas, 579 So.2d 886 (Fla. 2d DCA 1991). We conclude that the trial court did not err in failing to modify the arbitrator's award regarding the equal division of payment between the parties of the arbitrator's fees because the Rocks did not establish any grounds that would have enabled the trial court to modify the award. See id. at 887.
Finally, the Rocks contend that the trial court erred in failing to award them attorney's fees incurred after the arbitration as a result of the Contractor's failure to execute a release of lien on the property following the arbitration award. We agree. Because the Rocks were found to be the prevailing party in the lien action, they are entitled to recover their attorney's fees pursuant to section 713.29, Florida Statutes (2000). On remand, the trial court is directed to determine the reasonable fees incurred by the Rocks for services rendered subsequent to arbitration.
Affirmed in part; reversed in part; remanded with directions.
WHATLEY, J., concurs.
SILBERMAN, J., concurs specially with opinion.
SILBERMAN, Judge, Concurring specially.
I fully concur with the majority opinion but write concerning the trial court's failure to tax as costs the fee charged by Mr. Pettit, who testified as an expert on attorney's fees.
As to the taxation of costs, the majority cites Stokus v. Phillips, 651 So.2d 1244, 1246 (Fla. 2d DCA 1995), which states that the award of a fee charged by a lawyer who testifies as an expert is not discretionary if the attorney expects to be compensated for the testimony provided in the proceedings. Stokus relied on an earlier decision of this court, Straus v. Morton F. Plant Hospital Foundation, Inc., 478 So.2d 472 (Fla. 2d DCA 1985). In Straus, this court interpreted the Florida Supreme Court decision of Travieso v. Travieso, 474 So.2d 1184 (Fla.1985), and stated that Travieso made "the award of such expert fees discretionary only where the testifying attorney expert does not expect to be compensated for that testimony." Straus, 478 So.2d at 473.
In Travieso, the supreme court stated the following:
We hold that pursuant to section 92.231, expert witness fees, at the discretion of the trial court, may be taxed as costs for a lawyer who testifies as an expert as to reasonable attorney's fees. We do not hold that such expert witness fees must be awarded in all cases. Generally, lawyers are willing to testify gratuitously for other lawyers on the issue of reasonable attorney's fees. This traditionally has been a matter of professional courtesy. An attorney is an officer of the court and should be willing to give the expert testimony necessary to ensure that the trial court has the requisite competent evidence to determine reasonable fees. Only in the exceptional case where the time required for preparation *726 and testifying is burdensome, should the attorney expect compensation.
Travieso, 474 So.2d at 1186.
By concluding that the supreme court eliminated the trial court's discretion when an expert expects to be compensated, Stokus and Straus appear to have read Travieso more broadly than is warranted by its language. Rather than eliminating the trial court's discretion, Travieso suggested what a trial court might consider in exercising its discretion. See B&H Constr. & Supply Co. v. Dist. Bd. of Trustees, 542 So.2d 382, 391-92 (Fla. 1st DCA 1989). However, in light of this court's decisions in Stokus and Straus, and in the absence of anything in the record reflecting why an award was not made, I agree that the trial court erred by not taxing as a cost the fee charged by Mr. Pettit.