985 So.2d 1185 (2008)
Gloria HOEGH, Appellant,
v.
ESTATE OF Allie Mae JOHNSON, Appellee.
No. 5D06-3854.
District Court of Appeal of Florida, Fifth District.
July 3, 2008.
*1186 Gloria Hoegh, Orlando, pro se.
Frederick Jones of Graham, Builder, Jones, Pratt & Marks, LLP, Winter Park, for Appellee.

ON APPELLANT'S AMENDED MOTION FOR REVIEW OF ORDER AWARDING FEES
EVANDER, J.
Gloria Hoegh appealed from a final order denying her First Amended Petition to Admit Last Will and Testament to Probate. In its order, the trial court found that the purported will which Hoegh filed with the court and which Hoegh alleged to be the last will and testament of the decedent was a forgery and that Hoegh had participated in the creation of the forgery. The trial court's findings were clearly supported by substantial competent evidence. This court affirmed the trial court and further found that the estate was entitled to recover its reasonable appellate attorney's fees through application of the inequitable conduct doctrine. See Hoegh v. Estate of Johnson, 968 So.2d 578 (Fla. 5th DCA 2007), rev. dismissed, 973 So.2d 1121 (Fla.2007). The inequitable conduct doctrine permits the award of attorney's fees where one party has exhibited egregious conduct or acted in bad faith. Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla. 1998). Hoegh's attempt to perpetrate a fraud on the court by knowingly seeking to have a forged will admitted to probate constituted egregious conduct. Furthermore, Hoegh acted in bad faith in appealing the trial court's order because her appeal failed to raise any justiciable issue of law.
Notwithstanding Hoegh's misconduct, the estate is only entitled to recover reasonable *1187 appellate attorney's fees. Here, pursuant to Florida Rule of Appellate Procedure 9.400(c), Hoegh has filed a motion to review the trial court's award of $37,125 for appellate attorney's fees. (It appears that the trial court's award of $37,125 was based on multiplying 135 hours by an hourly rate of $275.) She contends that this award was excessive. We agree.
The amount of appellate attorney's fees awarded by a trial court is reviewed by an abuse of discretion standard. Pellar v. Granger Asphalt Paving, Inc., 687 So.2d 282, 284 (Fla. 1st DCA 1997). However, an appellate court has a greater ability to review the reasonableness of an appellate attorney's fee award than an award for trial court work because the legal work was done in the appellate court. Id. at 285; see also G.H. Johnson Const. Co. v. A.P.G. Elec., Inc., 656 So.2d 566 (Fla. 2d DCA 1995); Dalia v. Alvarez, 605 So.2d 1282 (Fla. 3d DCA 1992). As previously noted, Hoegh did not raise any justiciable issue of law in her appeal. No oral argument was held. The primary issue presented to us was whether there was substantial competent evidence to support the trial court's decision. We find no error in the trial court's determination that $275 per hour was a reasonable rate for the estate's attorneys. However, after a thorough review of the record, we find that it was an abuse of discretion to find that more than 80 hours of attorney time was reasonably necessary for this appeal. Accordingly, we reverse the trial court's award of appellate attorney's fees and remand for entry of an order awarding the estate appellate attorney's fees of $22,000.
REVERSED and REMANDED.
GRIFFIN and COHEN, JJ., concur.