SCHWARTZ, Senior Judge.
 

 In remanding this case for further proceedings involving parties other than appellant Klein, who had been dismissed from the lawsuit,
 
 [1]
 
 this court in
 
 Klein v. Meza,
 
 4 So.3d 51, 55 (Fla. 3d DCA 2009), commented that “[t]his will also provide the court below with the opportunity to determine what, if any, sanction should be imposed on Klein as a consequence of her behavior regarding the 1997 deed.” The panel was unaware, however, that the trial court had already made such a determination after a full hearing and entered an order imposing sanctions in the form of attorney’s fees and costs against Klein for her shocking misconduct in, among other things, attempting to pursue her interest in the subject property — which did not otherwise exist — through the means of a deed she had forged. That order is the subject of the present appeal.
 

 Upon consideration, we find no error in that order. See
 
 Moakley v. Smallwood,
 
 826 So.2d 221, 225 (Fla.2002);
 
 Bitterman v. Bitterman,
 
 714 So.2d 356, 365 (Fla. 1998);
 
 Fla. Patient’s Comp. Fund v. Rowe,
 
 472 So.2d 1145, 1148 (Fla.1985);
 
 Hoegh v. Estate of Johnson,
 
 985 So.2d 1185, 1186 (Fla. 5th DCA 2008);
 
 Hilton Oil Transp. v. Oil Transp. Co.,
 
 659 So.2d 1141, 1153 (Fla. 3d DCA 1995);
 
 Baya v. Cent. & S. Fla. Flood Control Dist.,
 
 184 So.2d 501, 502 (Fla. 2d DCA 1966);
 
 see also Cook v. Deltona Corp.,
 
 753 F.2d 1552, 1564 (11th Cir.1985).
 

 Affirmed.
 

 [1]
 

 . The sole reason for the reversal and the proceedings on remand was to determine the interests of the Estate of Klein’s mother, Iso-bel Isserlis, which had not properly been made a party.