ORDER ON MOTION FOR REVIEW OF APPELLATE ATTORNEYS’ FEES UNDER FLORIDA RULE OF APPELLATE PROCEDURE 9.400(C)
CASANUEVA, Chief Judge.
John D’Alusio seeks review of an order awarding him $6875 in appellate attorneys’ fees after he prevailed in this appeal. D’Alusio contends that the appellate fee award was inadequate; that the trial court erred when it failed to award him interest on his fees; and that the trial court should have taxed the costs of his expert witness’s *844 fee. Although we find no error in the failure to award interest, we hold that the trial court abused its discretion in setting the amount of appellate fees and in failing to award D’Alusio a fee for his expert to testify at the hearing.
Background of the Case
After John D’Alusio prevailed on Gould & Lamb’s appeal of a final judgment refusing to enforce a noncompete agreement, see Gould & Lamb, LLC v. D’Alusio, 949 So.2d 1212 (Fla. 2d DCA 2007), D’Alusio set his previously filed motion for trial-level attorneys’ fees for hearing. Five days before the fee hearing, Gould & Lamb filed a notice of objection to the fees, questioning D’Alusio’s entitlement. But at the hearing, Gould & Lamb’s attorney objected to fees on a procedural ground, claiming that the fee motion, which was served before entry of the final judgment, was untimely pursuant to this court’s decisions construing a version of Florida Rule of Civil Procedure 1.525 that had been amended by the time D’Alusio filed his fee motion in the trial court. This court’s decisions on the former version of rule 1.525 — against the tide of decisions from the four other district courts of appeal — held that the window for filing a fee motion opened after the filing of the judgment and closed thirty days thereafter. See, e.g., Barco v. Sch. Bd. of Pinellas County, 946 So.2d 1244 (Fla. 2d DCA 2007), quashed, 975 So.2d 1116 (Fla.2008). The amended version of the rule, effective January 1, 2006, specifically provided that “[a]ny party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after filing of the judgment.” Fla. R. Civ. P. 1.525 (2006) (emphasis supplied). In spite of the fact that the supreme court’s amendment of the rule called into question the authority of the Second District cases, the trial court ordered that D’Alusio’s motion for attorneys’ fees was untimely because it was filed before the judgment was rendered.
D’Alusio sought review of the trial court’s order in this appeal. During its pendency, the supreme court held that the rule set only an outside deadline for filing the attorneys’ fee motion. Barco, 975 So.2d at 1118. As D'Alusio’s motion had obviously been timely filed, Gould & Lamb appropriately conceded error. This court reversed, D’Alusio v. Gould & Lamb, LLC, 980 So.2d 1225 (Fla. 2d DCA 2008), and entered an order pursuant to rule 9.400(b) conditionally granting D’Alusio’s motion for appellate attorneys’ fees and remanding to the trial court for determination of entitlement and amount. After a hearing at which both trial and appellate fees were considered, the circuit court determined that D’Alusio was entitled to appellate fees in the amount of $6875 as well as an additional amount for trial-level fees. D’Alusio now seeks review of the order on appellate fees, contending that the amount is inadequate. We agree with his contention and reverse the order on review.
Jurisdiction — The Appellant Sought Timely Review of the Fee Order
As a preliminary matter, we must consider the timeliness of this proceeding. Rule 9.400(c) requires that “(rjeview of orders rendered by the lower tribunal under this rule shall be by motion filed in the court within 30 days of rendition.” But D’Alusio did not file a motion in this case within the thirty-day period. Rather, after his motion for rehearing was denied by the circuit court, he filed a notice of appeal of the single order that awarded him both trial and appellate fees, instituting case number 2D09-149. This court ultimately affirmed the judgment awarding trial-level attorneys’ fees in that case number on May 5, 2010.
*845 Even though the trial court entered a single order on both trial and appellate fees, the court’s rulings on the separate fee motions were clearly distinct and independent, contained within separate paragraphs of the order. D’Alusio should have sought review of that portion of the order addressing appellate fees by motion in this case number rather than through a separate, unrelated appeal. See Pellar v. Granger Asphalt Paving, Inc., 687 So.2d 282, 284 (Fla. 1st DCA 1997) (observing that “the correct method of seeking review of an order on appellate costs or attorney’s fees is to file a motion for review in the appellate court in the proceeding that was the subject of the award, within 30 days of rendition of the order in the lower tribunal”); Magner v. Merrill Lynch Realty/MCK, Inc., 585 So.2d 1040, 1043 (Fla. 4th DCA 1991) (holding that the failure to file a motion for review of appellate attorneys’ fees under rule 9.400(c) within thirty days of rendition waived the issue for appeal). We recognize that there exists a limited exception for review of a trial court’s order on appellate fees in a separate appeal when the appellate fee award is not the only issue on appeal. See Specialty Rests. Corp. v. Elliott, 924 So.2d 834, 838 (Fla. 2d DCA 2005); Starcher v. Starcher, 430 So.2d 991, 993 (Fla. 4th DCA 1983). However, this procedure is not favored and was adopted in the Starcher case only with “careful limitation” because the dissolution appeal presented significant issues other than the appellate fee award.
Accordingly, upon Gould & Lamb’s motion, this court dismissed that portion of case number 2D09-149 seeking review of the order on appellate fees and transferred it to this case to be considered as if the proper procedure for review had been invoked. See Pellar, 687 So.2d at 284. In doing so, we considered the motion filed as of the date of the notice of appeal in 2D09-149 but questioned whether the motion should be dismissed as untimely. Our concern was whether the filing of a motion for rehearing directed to an order on appellate attorneys’ fees is an authorized motion that can delay rendition under rule 9.020(h), which applies only to final orders of the lower tribunal. We have concluded that the order on appellate fees is essentially a final order for which a motion for rehearing can suspend rendition.
As Judge Padovano observed in Pellar, an order on appellate attorneys’ fees “has the characteristics of a final order” even though it is not “necessary or even proper” to file a notice of appeal for review. 687 So.2d at 284. Such orders appear to come within the category of post-decretal orders described by the supreme court in Clearwater Federal Savings & Loan Ass’n v. Sampson, 336 So.2d 78, 79 (Fla.1976): orders that “complete[ ] the judicial labor on that portion of the cause after judgment.” And the order on review could have been reduced to a judgment for which execution could immediately issue, although the trial court did not use such words of finality in its order. Because an order on appellate fees “constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment,” id., we hold that a timely motion for rehearing is authorized to suspend rendition of the order. Thus D’Alusio’s motion for review, considered to have been filed at the time that the notice of appeal was filed in 2D09-119, was timely.
The Trial Court Abused Its Discretion in Awarding Appellate Attorneys’ Fees in an Amount without Any Eviden-tiary Basis
The circuit judge who presided over the hearing on both trial-level and appellate-level fees was not the same judge who had presided at the original trial. Most of the hearing was devoted to the trial-level fees. *846 The appellate-level fee discussion was brief and uncontroversial.
D’Alusio’s attorney testified and presented expert testimony on the number of hours expended for the appeal and a reasonable rate for the work. D’Alusio’s senior attorneys spent approximately 100 hours on the appeal, and associates had expended another 28.6 hours. Although, according to D’Alusio’s expert, a typical single-issue appeal might require only 30 hours of attorney time, this case presented a unique situation in that the Second District’s case law was contrary to that of all the other districts. Furthermore, even though D’Alusio had retained attorneys from both New Orleans and Florida, the expert was careful to exclude duplicate time. Ultimately, D’Alusio’s expert testified that a reasonable number of hours for senior attorney time to do research, prepare briefs, and pursue the entry of an order after Gould & Lamb made concessions was 70.1 and that a rate of $800 per hour was reasonable based upon rates of $275 to $450 typically charged by appellate attorneys in Tampa. The expert also reduced the associate hours to 14.1 at a rate of $165 per hour. Based upon these figures, the expert concluded that the total reasonable attorneys’ fee for the appeal would be $23,520.
Gould & Lamb then presented its expert, who testified at the outset that he “didn’t really have any dispute about what their expert said” concerning this single issue appeal relating to entitlement to attorney’s fees with the minor exception that he opined that a reasonable fee for a lawyer in the Twelfth Judicial Circuit to pursue an appeal of this nature would be $275 per hour. He concluded that a figure of $22,000 was a reasonable fee for the appellate work. And in closing argument, Gould & Lamb’s attorney reiterated that there was no real dispute about the amount of fees: “20 to 25 [thousand] for the appeal.”
Contrary to this evidence and argument, the circuit judge found that “25 hours is a reasonable amount to have expended on the appeal and that an hourly rate of $275.00 is reasonable,” which yielded a fee of $6875, an amount less than one-third of the fee proposed by either expert witness. In rendering this fee order, the court did not address any associate time, reduced the number of hours from approximately 85 to 25, and awarded the lowest rate that had been described as typical in the Tampa area for appellate work.
An appellate court reviews an order on appellate attorneys’ fees under an abuse of discretion standard. DiStefano Constr., Inc. v. Fid. & Deposit Co. of Md., 597 So.2d 248, 250 (Fla.1992). The court will find an abuse of discretion in setting an attorneys’ fee award if the trial court has not identified with precision the reasonable hourly rate and the number of hours reasonably expended on the matter. See, e.g., Highlands Carpentry Serv., Inc. v. Connone, 873 So.2d 611, 613 (Fla. 2d DCA 2004). “[A]n appellate court has a greater ability to review the reasonableness of an appellate attorney’s fee award than an award for trial court work because the legal work was done in the appellate court.” Hoegh v. Estate of Johnson, 985 So.2d 1185, 1187 (Fla. 5th DCA 2008) (citing Pellar, 687 So.2d at 285). When reviewing an order on appellate attorneys’ fees, appellate judges are “not required to abandon what [they] learned as lawyers or [their] common sense in evaluating the reasonableness of an award.” Trumbull Ins. Co. v. Wolentarski, 2 So.3d 1050, 1057 (Fla. 3d DCA 2009).
We find that the circuit court abused its discretion in drastically reducing the number of hours that was reasonable for this appeal, in contravention of the *847 amount agreed to by both experts, without any specific findings. Although the judge was not bound by the expert opinions or attorney affidavits in setting the award, the record is totally devoid of any evidence to support a conclusion that the award was reasonable.
This appeal concerned the proper interpretation of amended rule 1.525. D’Alusio divided his initial brief into three issues: first, he argued that the amended rule prescribes a deadline for the filing of the motion no later than 30 days after judgment is entered but does not bar an earlier filed motion as premature; second, he proposed that the court should certify conflict with the other districts or await the outcome of the Barco decision by the supreme court; and third, he contended that Gould & Lamb’s attorneys essentially blindsided him by remaining silent and not objecting until well over a year after the motion was filed. Under the circumstances, these were all reasonable arguments, set out in a coherent initial brief. Gould & Lamb vigorously argued in its answer brief that the amendment to the rule was not intended to correct the language that informed this court’s earlier, pre-amendment decisions on when the motion must be filed. By the time D’Alusio filed his reply brief, the supreme court had decided Barco, and he correctly argued that this court must reverse and remand based on this new precedent. Our review of the briefs, records, and applicable case law in this appeal, as well as our common sense understanding of the costs of appellate practice, convinces us that the circuit court’s appellate fee award was clearly inadequate and unsupported by any evidence. As Gould & Lamb conceded at the hearing, a reasonable appellate fee award in this case is $22,000, and we disapprove the trial court’s order and remand for entry of an order granting fees to D’Alusio in that amount.
The reasonableness of our decision is confirmed by the Fifth District’s recent opinion in Hoegh, 985 So.2d at 1187, which reviewed an award of $37,125 in appellate fees to the appellee when the appellant raised no justiciable issue of law on appeal. No oral argument was held, and the appellee was required to argue only that competent, substantial evidence supported the verdict. The Fifth District found no error in setting $275 per hour as the reasonable rate but held that it was an abuse of discretion to find that more than 80 hours of attorney time was reasonable. Accordingly, the Fifth District reversed and remanded for entry of an order to the appellee in the amount of $22,000. Id. In contrast, D’Alusio’s attorneys, representing the appellant, were required to expend much more time than did the appellee’s attorneys in Hoegh, suggesting that an award of at least $22,000 is reasonable in this case.
Failure to Award Expert Witness Fees as Costs Was Error
We also disapprove the omission in the circuit court’s order of any finding that D’Alusio was entitled to a cost award for his expert witness’s fees. A party who seeks an award of appellate attorneys’ fees must present expert testimony concerning the reasonable time and hourly rate or the resulting order will be overturned as an abuse of discretion. See Snow v. Harlan Bakeries, Inc., 932 So.2d 411, 412 (Fla. 2d DCA 2006). D’Alusio’s expert testified that he spent approximately 10.5 hours preparing for and testifying at the hearing, that he charges a rate of $225 per hour, and that he expected to be paid for his work. Our court has held that “[ejxpert witness fees paid to the testifying expert are not discretionary if the attorney expects to be compensated for his testimony.” Rock v. Prairie Bldg. Solutions, Inc., 854 So.2d 722, 724 (Fla. 2d DCA 2003) *848 (citing Stokus v. Phillips, 651 So.2d 1244 (Fla. 2d DCA 1995)). On remand, the circuit court shall tax D’Alusio’s expert’s fee of $2362.50 as a cost to Gould & Lamb.
Order disapproved; remanded with instructions.
KELLY and CRENSHAW, JJ., Concur.