THOMAS, J.,
dissents.
I respectfully dissent and would reverse and remand for further consideration on the award of appellate attorney’s fees.
The trial court’s order awarded Appellants a total of 14.9 hours for both trial and appellate representation, which was based on its adoption of Appellee’s arguments below. It appears that the trial court awarded Appellants 5 hours for preparation of their initial brief, .2 hours to review the answer brief, 2 hours to research, prepare and file a reply brief, and 2 hours to research and present oral argument.
Our court previously directed the trial court to award Appellants attorney’s fees for the prosecution of “successful claims only.” Grapski v. City of Alachua, 31 So.3d 193 (Fla. 1st DCA 2010) (directing in unpublished fee order that the trial court calculate fees and costs based on time and expense incurred “in pursuing their successful claims only”). Even under this directive, however, the trial court’s award here cannot be considered reasonable. As any appellate practitioner knows, and this court should recognize, no competent attorney would devote a mere 12 minutes to review an opponent’s answer brief, or only two hours to research and write a reply brief or organize and present an oral argument.
While the trial court was not required to find that Appellants’ fee records were entirely credible, it was required to award a reasonable fee under the law, based on objective and specific calculations. See D’Alusio v. Gould, & Lamb, LLC, 36 So.3d 842 (Fla. 2d DCA 2010). As the Second District noted in DAlusio, appellate judges are “not required to abandon what [they] learned as lawyers or [their] common sense in evaluating the reasonableness of an award.” Id. at 846 (citing Trumbull Ins. Co. v. Wolentarski, 2 So.3d 1050, 1057 (Fla. 3d DCA 2009)). Although here, unlike in DAlusio, there was a vigorous dispute regarding the merits of Appellant’s time records, the trial court did not award a reasonable fee. Appellate advocacy, like other legal practices — indeed, like other professional practices in general — is a demanding and complex enterprise requiring experience, judgment and acumen. Mistakes in advocacy can bring devastating consequences for both client and attorney. See § 57.105, Fla. Stat. Conversely, when the law provides that an attorney is entitled to compensation, that attorney is due fair compensation for his or her professional labor.
I would remand with directions to the trial court to reconsider its award of appellate attorney’s fees, and to support its award with specific findings regarding a reasonable fee for Appellants’ limited success in this case.