BENTON, Judge.
In the order under review, the judge of compensation claims ruled “properly taxable” *1371 Dr. Gary Weiss’s fees in the amount of $1,950 for “cancellation of 4 hours patients for Workers’ Compensation hearing.” The order recited that the day before the scheduled hearing, the “Employer/Carrier accepted the Claimant as permanently and totally disabled. ... This acceptance was more than 24 hours prior to the scheduled hearing time.” Because the question was resolved by agreement, Dr. Weiss never testified.
Under certain circumstances, costs an expert reasonably incurs in preparing testimony may be taxed, even though the testimony proves unnecessary. Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022 (Fla.1991). On that basis, Dr. Weiss’ $450 bill for an independent medical examination of the claimant was properly taxed.
But we cannot agree that monies which might have come to Dr. Weiss if he had not planned to appear as an expert witness are “reasonable costs of such proceedings” within the meaning of section 440.34(3), Florida Statutes (1993). The parties have cited no precedent and we are aware of none for taxing as costs revenues an expert witness loses because his testimony proves unnecessary.
Accordingly, the order is modified by reducing the taxable costs by $1950 and, as modified, affirmed.
BARFIELD, C.J., and ERVIN, J., concur.