GRIFFIN, C.J.
Red Bird Laundry [“Red Bird”] and Melvin M. Weber [“Weber”] appeal the denial of their motion for attorneys’ fees pursuant to section 57.105, Florida Statutes. We find we lack jurisdiction and, therefore, dismiss the appeal.
This case originated as a personal injury action brought by Yvonne and Basil Parks [“Parks”] against Red Bird Laundry, and its owner, Melvin R. Weber. The suit sought to recover damages for injuries sustained when Yvonne slipped and fell at work.
In an attempt to secure payment of an eventual judgment, the Parks’ attorney filed three separate lis pendens on three separate pieces of real property owned by Mr. Weber, the Red Bird Laundry, a vacant lot, and Weber’s home.
Red Bird and Weber filed an emergency motion to discharge the three lis pendens. At the hearing on the motion, Red Bird and Weber correctly contended that the Parks were not entitled to a lis pendens. Red Bird and Weber also contended that the Parks should be required to post a bond with respect to the laundry, because Weber had a contract for sale on the premises.
The court took the issue under advisement at the conclusion of the hearing. In a brief filed May 5, 1998, Weber and Red Bird repeated the arguments which had been made at the earlier hearing and contended all three lis pendens had to be dissolved. They also contended that under section 57.105, they were entitled to the attorney’s fees incurred in dissolving the lis pendens because of the complete absence of a justiciable issue of law or fact.
The Parks filed a brief conceding that Weber was entitled to dissolution of the lis pendens on his home and his vacant land. However, the Parks refused to concede that the lis pendens had been improperly filed against the Red Bird Laundry, arguing, without citing any applicable authority, that maintenance of the lis pendens was within the court’s discretion. The Parks also as *1239 serted that there was no authority for an award of attorney’s fees in the event that the court dissolved the lis pendens.
The court entered an order dissolving all three lis pendens on June 2, 1998. None of the three orders which were entered referred to the issue of section 57.105 fees. Thereafter, Weber and Red Bird filed a formal motion for fees under section 57.105, once again seeking recovery of the fees incurred in obtaining discharge of the lis pendens.
The court held a hearing on Weber’s motion on August 6, 1998. At the hearing, Weber’s counsel contended that the filing of a lis pendens was equivalent to the filing of a complaint and that the discharge of the lis pendens was the equivalent of the conclusion of the action, which entitled her client to fees to the extent the action lacked a justiciable issue. Counsel relied on Procacci v. Zacco, 402 So.2d 425, 427 (Fla. 4th DCA 1981). The court found that there was no basis for treating the lis pendens as a separate action and denied the motion for fees. This is the order appealed.
Weber and Red Bird contend that this court has jurisdiction of this appeal on the basis set forth in Reliable Reprographics Blueprint & Supply, Inc., v. Florida Mango Office Park, Inc., 645 So.2d 1040 (Fla. 4th DCA 1994). There, the court held that the denial of a post-judgment motion for fees is an appealable non-final order under rule 9.130(a)(4). That rule provides for review of certain non-final orders entered after a final order. In this case, no final order has been issued, so that the order denying the request for fees cannot be considered a non-final order entered after final judgment. No other basis for jurisdiction appears. See Kreager v. Glickman, 519 So.2d 666 (Fla. 4th DCA), review dismissed, 528 So.2d 1182 (Fla.1988).
DISMISSED.
THOMPSON and ANTOON, JJ., concur.