ON MOTION TO REVIEW APPELLATE ATTORNEY’S FEES AWARD
NORTHCUTT, Judge.
We previously affirmed the final order in this postjudgment family law proceeding. At that time, we remanded Angela Youngblood’s motion for appellate attorney’s fees to the circuit court to determine whether she was entitled to an award of fees and, if so, to award them in a reasonable amount. Pursuant to Florida Rule of Appellate Procedure 9.400(c), Terrell Youngblood seeks review of the court’s order on remand. We affirm without discussion the court’s determination to award Ms. Youngblood all of her reasonable fees, we strike the award of suit money, and we direct the court to reduce the fee award as set forth below.
The order on remand awarded Ms. Youngblood $1087 in expenses that it labeled “suit money.” The impetus for that characterization was Mr. Youngblood’s objection when, at the hearing below, Ms. Youngblood’s counsel sought reimbursement for a list of costs incurred during the appeal. Mr. Youngblood argued that Ms. Youngblood had not moved for an award of costs, and certainly had not done so within thirty days after this court’s mandate, as required by rule 9.400(a). Her counsel responded that the court could disregard the time limit by treating the items as “suit money” because section 61.16, Florida Statutes (2010), permits a court in a family law case to award attorney’s fees, suit money, and costs.
We doubt that simply recasting the claim as one for suit money instead of for costs is effective to avoid the deadline imposed by the rule. The predecessors to section 61.16 simply permitted an award of “suit money.” §§ 65.07, .08, Fla. Stat. (1965). The courts recognized that this included attorney’s fees and costs. Wilkerson v. Wilkerson, 179 So.2d 592 (Fla. 2d DCA 1965) (holding that “suit money” includes costs); Scanlon v. Scanlon, 154 So.2d 899 (Fla. 1st DCA 1963) (“suit money” includes attorney’s fees). In other words, although under the current statute suit money may consist of something in addition to attorney’s fees and costs, the latter are at least subsets of the former. The circuit court could accurately refer to this award as one for “suit money,” but if the substance of a suit money allowance is to reimburse costs, for purposes of the rule it is a costs award.
Be that as it may, Ms. Young-blood’s motion sought only appellate attorney’s fees. She did not move for an award of appellate costs or “suit money.” That being so, the circuit court should not have awarded them over Mr. Youngblood’s objection. See Bryan v. Bryan, 342 So.2d 858 (Fla. 2d DCA 1977). Therefore, we strike the suit money award.
In its order the circuit court found that the reasonable hourly rates for the two attorneys who represented Ms. Young-blood were $400 and $300, respectively, and that a reasonable hourly rate for paralegal work was $100. Although the court found that the time spent representing Ms. Youngblood was reasonable, its order did *192 not specify the number of hours reasonably expended. At the hearing, one of Ms. Youngblood’s attorneys testified that the total attorneys’ time was 9.7 hours at the $400 rate and 78.2 hours at $300. Paralegal time totaled 4.9 hours at $100. All told, this came to $27,830.[1]
Vis-á-vis the paralegal time, at the hearing Ms. Youngblood’s attorney acknowledged that clerical work was not compensable, and he assured the court that such had been excluded from the claim. Indeed, section 57.104, Florida Statutes (2010), provides that when awarding attorney’s fees the court must consider the time and labor of paralegals “who contributed nonclerical, meaningful legal support to the matter involved.” (Emphasis supplied.) See Madden v. Madden, 865 So.2d 555 (Fla. 3d DCA 2003) (applying § 57.104 in a dissolution case and disallowing fees for paralegals not shown to have performed any nonclerical, meaningful legal support to the matter). In this case, our review of the attorneys’ time records discloses that just over half the claimed paralegal time was spent on clerical or secretarial activities, e.g., mailing and emailing the answer brief to the clerk of this court, telephoning the circuit court’s judicial assistant to schedule a hearing, telephone conferences with the client and opposing counsel, and performing “file review” and “file maintenance.” Such activities are not properly included in an attorney’s fee award. See, e.g., Dayco Prods. v. McLane, 690 So.2d 654 (Fla. 1st DCA 1997) (holding that paralegal time for fax transmissions and telephone conferences with opposing counsel and the judge of compensation claims office was not recoverable). We conclude that 2.25 hours of time claimed for paralegal activities was properly included in Ms. Youngblood’s fee award.
Mr. Youngblood contends that the time claimed for Ms. Youngblood’s attorneys’ work in the appeal was excessive. At the hearing below he presented testimony from the appellate attorney who represented him in the appeal and expert testimony from another appellate specialist. Both expressed their astonishment at the number of hours claimed. The expert characterized the claim as “shocking.” She opined that Ms. Youngblood’s representation in the appeal should have consumed no more than 10 or 15 hours.
On this issue, Ms. Youngblood’s response to the motion to review the fee award in this court is not particularly helpful. Beyond pointing out the relative lengthiness of the record on appeal, the response consists mainly of a spirited condemnation of Mr. Youngblood’s “extreme litigiousness” and a reminder that the circuit court found that his expert was not credible. But we note that the appeal in this case was not abnormally litigated. And although we disagree with the expert’s view that Ms. Youngblood’s representation could have been accomplished in as little as 15 hours, we share her incredulity about the time expended in this case.
An appellate court, based on its familiarity with the work performed before it, may reduce an excessive fee that has been awarded for that work. Hoegh v. Estate of Johnson, 985 So.2d 1185 (Fla. 5th DCA 2008); G.H. Johnson Constr. Co. v. A.P.G. Elec., Inc., 656 So.2d 566 (Fla. 2d DCA 1995); Pellar v. Granger Asphalt Paving, Inc., 687 So.2d 282 (Fla. 1st DCA 1997); Dalia v. Alvarez, 605 So.2d 1282 (Fla. 3d DCA 1992). We conclude that the *193 circuit court abused its discretion by awarding an excessive fee for Ms. Young-blood’s appellate representation in this case.
This was not a complex appeal. Procedurally, the case followed a normal course and involved only mundane motion activity. The issues presented on the merits were straightforward and of average complexity at most. The appellate record was lengthy, as Ms. Youngblood points out, but not extraordinarily so. And the attorney who prepared her answer brief was sufficiently versed in the trial proceedings and the applicable law to have authored the written closing argument filed in the circuit court after trial. Both of Ms. Young-blood’s attorneys are experienced and highly skilled appellate family law practitioners, commensurate with their reasonable $400 and $300 hourly rates. Attorneys of their high caliber reasonably should have accomplished her representation in far less time than they recorded.
We have determined that the reasonable fees for Ms. Youngblood’s representation in this appeal are as follows: 6 hours of attorney time at $400 per hour, 40 hours of attorney time at $300 per hour, and 2.25 hours of paralegal time at $100 per hour, for a total of $14,625. On remand, the circuit court shall enter an order awarding her that amount, less a credit for $8500 in temporary appellate attorney’s fees previously paid by Mr. Youngblood, for a net final award of $6125. As mentioned, we strike the “suit money” award, and the circuit court shall make no allowance therefor.
Affirmed in part; reversed in part; remanded with directions.
WALLACE and MORRIS, JJ., Concur.

. The order contains a mathematical error. It awarded $28,507, including $1087 in costs. Based on the circuit court’s findings, the figure should have been $28,917.