# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**FLORIDA PENINSULA INSURANCE COMPANY,**
Appellant,

v.

**CINDY DEPORTER,**
Appellee.

No. 4D18-489

[April 10, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE-16-018719 (13).

Thomas A. Valdez, Iniv Gabay and Jose E. Bosch of Quintairos, Prieto, Wood & Boyer, P.A., Tampa and Miami, for appellant.

Dean R. Mallett and Marc J. Gutterman of Gutterman Trial Group, Fort Lauderdale, for appellee.

DAMOORGIAN, J.

Florida Peninsula Insurance Company (the "Insurer") appeals an interlocutory order striking its proposal for settlement. We lack jurisdiction to consider the order and, therefore, dismiss the appeal.

Article V, section 4(b)(1) of the Florida Constitution states, "District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts . . . . They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court." The district court may also exercise certiorari jurisdiction to review an otherwise non-appealable nonfinal order, but only in very limited circumstances. *Citizens Prop. Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344, 348 (Fla. 2012).

The categories of nonfinal orders appealable to the district courts are set forth in Florida Rule of Appellate Procedure 9.130. The Insurer does not dispute that the appealed order does not fall into any of the categories of appealable nonfinal orders delineated in Rule 9.130. It does, however,

maintain that the appealed order is final for purposes of appellate jurisdiction. We disagree.

Orders finding a proposal for settlement unenforceable are treated like denials of requests for attorney's fees for purposes of a finality analysis. *See Kiefer v. Sunset Beach Invs., LLC*, 207 So. 3d 1008, 1009–10 (Fla. 4th DCA 2017). Post-judgment orders denying a claim for entitlement to attorney's fees are considered final and appealable because there is no possible further judicial labor to be done with respect to the fees sought. *Id.* at 1009 (treating a post-judgment denial of motion for fees pursuant to a proposal for settlement as a final appealable order); *BDO Seidman, LLP v. British Car Auctions, Inc.*, 789 So. 2d 1019, 1020 (Fla. 4th DCA 2001); *Yampol v. Turnberry Isle S. Condo. Ass'n*, 250 So. 3d 835, 837 (Fla. 3d DCA 2018). Conversely, because a pre-judgment denial of a motion for fees does not foreclose the possibility that the party may seek or recover fees via another mechanism at some point during the litigation, pre-judgment orders denying a claim for attorney's fees are not final appealable orders. *See Red Bird Laundry v. Parks*, 728 So. 2d 1238, 1239 (Fla. 5th DCA 1999) ("In this case, no final order has been issued, so that the order denying the request for fees cannot be considered a non-final order entered after final judgment. No other basis for jurisdiction appears."). As such, the appealed pre-judgment order striking the Insurer's proposal for settlement is not a final appealable order.

In the alternative, the Insurer argues that this Court should exercise its certiorari jurisdiction to review the appealed order. "A certiorari petition must satisfy three requirements before a district court can grant relief from an erroneous interlocutory order. 'A petitioner must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.'" *Fassy v. Crowley*, 884 So. 2d 359, 363 (Fla. 2d DCA 2004) (quoting *Parkway Bank v. Fort Myers Armature Works, Inc.*, 658 So. 2d 646, 648 (Fla. 2d DCA 1995)). "[T]he final two prongs of the test are jurisdictional. The district court must conduct the jurisdictional analysis before it is empowered to determine whether to grant relief on the merits, i.e., whether the nonfinal order departs from the essential requirements of the law." *Id.*

Based on the foregoing, the threshold consideration for this Court is "whether the order is capable of causing irreparable harm which cannot be cured on final appeal." *Hargrett v. Toyota Motor Sales U.S.A., Inc.*, 705 So. 2d 1009, 1009 (Fla. 4th DCA 1998). The Insurer argues that the order caused it irreparable harm in that "it allowed [Appellee] to continue to litigate this case without the restraint that the existence of a [fee sanction]

threat would encouraged (sic)" and "deprived [the Insurer] of the benefits of . . . seeking the type of early settlement the Proposal for Settlement Statute was intended to promote and the related benefit of discouraging needless litigation." In other words, the Insurer asserts that the order may be costing it additional litigation time and expenses. However, as the Florida Supreme Court concluded in *Rodriguez v. Miami-Dade County*, 117 So. 3d 400, 405 (Fla. 2013), "the continuation of litigation and any ensuing costs, time, and effort in defending such litigation does not constitute irreparable harm." Accordingly, the harm claimed by the Insurer does not rise to the level of "irreparable harm" necessary to merit certiorari review.

*Dismissed.*

CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3