DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT GIBSON,**
Appellant,

v.

**JEFFREY MARC SISKIND,**
Appellee.

No. 4D20-1389

**JEFFREY MARC SISKIND,**
Appellant,

v.

**ROBERT GIBSON,**
Appellee.

No. 4D20-1876

[December 1, 2021]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502018CA006574AXXXMB.

Robert Gibson, Lake Worth, pro se.

Jeffrey M. Siskind of Siskind Legal, PLLC, Wellington, for appellee.

KUNTZ, J.

In two separate appeals,[1] the parties appeal non-final orders from the same circuit court case. We issued orders to show cause in both cases directing the respective appellants to address perceived jurisdictional deficiencies. After considering the responses, we conclude that the non-final orders appealed in both cases are not appealable orders. Accordingly, we dismiss both appeals.

---

[1] We previously consolidated these appeals for panel purposes. We now consolidate the two appeals for purposes of this opinion.

*i.  Gibson's Appeal of the Summary Judgment and Rehearing Orders,*
*Case Number 4D20-1389*

In the first appeal, case number 4D20-1389, Robert Gibson appeals the circuit court's order granting Jeffrey Siskind's motion for summary judgment and the court's order denying Gibson's motion for rehearing. But the order denying rehearing specifically contemplated additional judicial labor.  In that order, the circuit court wrote:

> This Order does not address nor dispose of Plaintiff's pending Motion for Reconsideration of the Court's previous Order declaring Robert Gibson to be a vexatious litigant pursuant to Florida Law.

Beyond the clear language of the order appealed, Gibson, acting pro-se, recognized our lack of jurisdiction in an earlier motion to relinquish jurisdiction.  In the answer brief, Siskind also acknowledged the appeal is not ripe, stating that the language above "reveals" the order "was [not] yet appealable."

The language of the order specifically contemplated additional judicial labor.  So, we must dismiss the appeal as premature.  *See, e.g.*, *St. Johns River Water Mgmt. Dist. v. Koontz*, 861 So. 2d 1267, 1268 (Fla. 5th DCA 2003) (dismissing the appeal because the order appealed "expressly contemplated further judicial labor").

*ii.  Siskind's Appeal of the Attorney's Fee Order, Case Number 4D20-1876*

In the second appeal, case number 4D20-1876, Siskind appeals the circuit court's order denying his motion to impose attorney's fees.  Siskind argues that appeal of the attorney's fee order is ripe because there is no additional judicial labor to be conducted on the issue.  We disagree.

A post-judgment order denying a claim for entitlement to attorney's fees is appealable "because there is no possible further judicial labor to be done with respect to the fees sought." *Fla. Peninsula Ins. Co. v. Deporter*, 275 So. 3d 628, 629 (Fla. 4th DCA 2019).  But the prejudgment denial of a claim to attorney's fees is not an appealable final order because the party can seek fees at a later point in the proceeding, and the court retains the authority to reconsider the non-final order denying entitlement to fees.  *Id.* (prejudgment order denying fees is not appealable "because a pre-judgment denial of a motion for fees does not foreclose the possibility that the party may seek or recover fees via another mechanism at some point

2

during the litigation"); *see also Red Bird Laundry v. Parks*, 728 So. 2d 1238, 1239 (Fla. 5th DCA 1999).

Gibson's appeal of the judgment is premature because additional judicial labor remains in the case. As a result, Siskind's appeal of the attorney's fee order is also premature and must be dismissed.

*iii. Conclusion*

The orders appealed in case number 4D20-1389 and 4D20-1876 are not appealable final orders. As a result, both appeals are dismissed.

*Appeals dismissed.*

CONNER, C.J., and FORST, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***