DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BOCA VIEW CONDOMINIUM ASSOCIATION, INC.,**
Appellant,

v.

**ELEANOR LEPSELTER** and **EDWARD LEPSELTER,**
Appellees.

No. 4D2023-1806

[July 31, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Carolyn Bell, Judge; L.T. Case No. 50-2020-CA-000251-XXXX-MB.

Scott James Edwards of Scott J. Edwards, P.A., Boca Raton, and John R. Sheppard, Jr. of Fowler White Burnett, P.A., West Palm Beach, for appellant.

Christopher S. Salivar of Christopher S. Salivar, P.L.L.C., Delray Beach, for appellees.

WARNER, J.

When a condominium unit owner made a simple statutory request for her attorney to inspect the records of her governing condominium association ("the Association"), the Association denied the request, thus starting a legal odyssey of arbitration and litigation ending in a judgment in favor of appellees.[1] The trial court then awarded appellees their attorney's fees and costs in the amount of $232,170.67. The Association appeals, challenging appellees' right to fees as the prevailing party and also challenging various aspects of the award. We dismiss the Association's challenge to the trial court's prevailing party ruling as

---

[1] The attorney requested to view the Association records on behalf of appellee, condominium unit owner, Eleanor Lepselter. Appellee Edward Lepselter, also owner of the condominium unit, was brought into the lawsuit later by the Association.

untimely. However, we agree that the trial court erred in some aspects of the attorney's fees and costs award.

## Facts

The Association denied appellee-wife's attorney's request to inspect its records on her behalf. After the denial, appellee-wife filed a petition for mandatory non-binding arbitration, requesting "that [her] counsel be allowed to inspect official records of the association." A summary final order was entered by the arbitrator in her favor directing the Association to pay $500 to appellees and to "immediately make available all the official records requested." The order also found appellees to be the prevailing party for attorney's fees and costs.

In response, the Association filed a "Complaint for Trial De Novo" pursuant to section 718.1255, Florida Statutes (2019), seeking a trial de novo of the underlying arbitration summary final order. Litigation continued, ultimately culminating in a non-jury trial and a final judgment for appellees, "ratif[ying]" the arbitrator's summary final order, determining that appellees were the prevailing party, and awarding attorney's fees entitlement to appellees as the prevailing party. The Association filed a motion for rehearing/new trial, arguing that it should have been found to be the prevailing party. The trial court denied the motion. The Association appealed, and we affirmed. *See Boca View Condo. Ass'n v. Lepselter*, 384 So. 3d 168 (Fla. 4th DCA 2024).

While the appeal was pending, the Association moved for attorney's fees and costs in the trial court. The Association claimed that it was the prevailing party. The trial court rejected that argument, finding that it lacked jurisdiction to rule on the issue. The court determined that the Association's motion was successive because the Association's motion presented almost exactly the same arguments as the Association had presented in the previously denied motion for rehearing of the final judgment.

After a full hearing to determine the amount of fees and costs, the trial court awarded appellees $194,875 in attorney's fees and $31,907.97 in costs. The Association appeals the order denying its motion for entitlement to attorney's fees and costs and the order awarding attorney's fees and costs to appellees.

2

**Analysis**

## 1. *Lack of Jurisdiction on Prevailing Party Entitlement Issue*

The Association first contends that it was the prevailing party in the litigation, and the trial court erred in holding that it lacked jurisdiction to rule on the issue. We disagree.

In the final judgment, the trial court determined that appellees were the prevailing party. The Association then filed a motion for rehearing/new trial of the final judgment, arguing that it was the prevailing party. When the trial court denied that motion, the Association appealed the final judgment and order denying the motion for rehearing, but it did not challenge the denial of its fee entitlement claim as the prevailing party.

The Association contends that an attorney's fees award is not final until both entitlement and amount are determined, *see Schmidt v. Schmidt*, 319 So. 3d 65, 65 (Fla. 4th DCA 2021), and thus the trial court still had jurisdiction to address the Association's successive motion for fee entitlement because the trial court had not determined the award amount for appellees' attorney's fees and costs.

However, when the trial court denied the Association's motion for rehearing/new trial, the court denied the Association's argument that it was the prevailing party, thus finally determining the Association's fee entitlement claim. That denial was an appealable order. *See Fla. Peninsula Ins. Co. v. Deporter*, 275 So. 3d 628, 629 (Fla. 4th DCA 2019) ("Post-judgment orders denying a claim for entitlement to attorney's fees are considered final and appealable because there is no possible further judicial labor to be done with respect to the fees sought."). Thus, in order to timely appeal, the Association should have appealed the denial of its fee entitlement claim when it appealed the final judgment and the order denying its motion for rehearing/new trial. Because the Association did not, we are without jurisdiction to consider the Association's fee entitlement claim, as was the trial court.

## 2. *Attorney's Fees and Costs*

Orders on attorney's fees are generally reviewed for an abuse of discretion. *Alvarez v. Salazar*, 338 So. 3d 267, 270 (Fla. 4th DCA 2022). An attorney's fee award will be upheld as long as it is supported by competent, substantial evidence. *Diwakar v. Montecito Palm Beach Condo.*

3

*Ass'n, Inc.*, 143 So. 3d 958, 960 (Fla. 4th DCA 2014). "However, to the extent that a trial court's fee order [] is based on its interpretation of the law, the standard of review is de novo." *Alvarez*, 338 So. 3d at 270 (quoting *Hahamovitch v. Hahamovitch*, 133 So. 3d 1020, 1022 (Fla. 4th DCA 2014)).

The Association makes multiple challenges to the amounts awarded for attorney's fees. We address each in turn.

### (a) Paralegal Time

The trial court's judgment awarded the defendants 61.3 hours for paralegal time at a rate of $195 per hour, for a total of $11,953.50. The parties agreed that the rate was reasonable. The Association's expert reduced the compensable hours to 16.9, as he found "a lot of the paralegal time was administrative time that a legal secretary could have handled and that [] should have been not billed." In its order awarding fees, the trial court disagreed, concluding that the hours were reasonable. The court allowed hours for what was previously thought of as administrative tasks because of the changing legal environment. Specifically, the court noted, "The Court fully reviewed the time sheets in evidence, and finds that the types of things the paralegal billed for in this case, including electronic filing and electronic file updating, require paralegal level expertise."

In a motion for rehearing, the Association cited section 57.104(1), Florida Statutes (2023), as limiting the legal assistant time which may be assessed as attorney's fees. That section provides:

> In any action in which attorney fees are to be determined or awarded by the court, the court shall consider, among other things, time and labor of any legal assistants who contributed nonclerical, meaningful legal support to the matter involved and who are working under the supervision of an attorney.

§ 57.104(1), Fla. Stat. (2023). The court denied the motion for rehearing.

While we agree with the court that the practice of law has changed for both attorneys and paralegals, and both are performing tasks that decades ago may have been performed by a secretary, we cannot ignore the statutory language, which requires that for legal assistant time to be compensated as attorney's fees, it must be "nonclerical legal support." Moreover, the statute also defines a "legal assistant" by the activities performed:

4

For purposes of this section, "legal assistant" means a person who, under the supervision and direction of a licensed attorney, engages in legal research, and case development or planning in relation to modifications or initial proceedings, services, processes, or applications; or who prepares or interprets legal documents or selects, compiles, and uses technical information from references such as digests, encyclopedias, or practice manuals and analyzes and follows procedural problems that involve independent decisions.

*Id.*

In *Youngblood v. Youngblood*, 91 So. 3d 190 (Fla. 2d DCA 2012), the Second District explained the types of activities which could not be recovered as paralegal time under section 57.104(1):

In this case, our review of the attorneys' time records discloses that just over half the claimed paralegal time was spent on clerical or secretarial activities, e.g., mailing and emailing the answer brief to the clerk of this court, telephoning the circuit court's judicial assistant to schedule a hearing, telephone conferences with the client and opposing counsel, and performing "file review" and "file maintenance." Such activities are not properly included in an attorney's fee award.

*Id.* at 192; *accord Kalis v. Kalis*, 284 So. 3d 540, 540 (Fla. 4th DCA 2019).

Because the trial court admitted that it had reviewed the bills and included as compensable paralegal time matters such as filings, it erred. We thus remand to the trial court to review the bills again to eliminate assessment of paralegal time spent on activities not consistent with section 57.104(1).

## (b) Expert Fee

Appellees retained an expert attorney to testify in the proceedings, even though the trial court stated that it usually would not allow attorneys to opine on the law. At trial, the court struck the expert witnesses on both sides, and appellees' expert did not testify. Nevertheless, at the fees and costs hearing, the trial court allowed as a cost appellees' expert's $5,000 fee. The court reasoned that having the expert prepared was reasonable, as the Association also had an expert prepared to testify.

On appeal, the Association contends that the expert fee is only allowed where the expert testifies. We agree.

"Costs are taxable only where authorized by statute or rule." *O'Boyle v. Town of Gulf Stream*, 341 So. 3d 335, 341–42 (Fla. 4th DCA 2022) (quoting *Junkas v. Union Sun Homes, Inc.*, 412 So. 2d 52, 53 (Fla. 5th DCA 1982)). Section 92.231(2), Florida Statutes (2023), governs expert witness fees and provides that "[a]ny expert or skilled witness who shall have testified in any cause shall be allowed a witness fee . . . and the same shall be taxed as costs." *See also Fischer as Tr. of Dorothy L. Fischer Tr. v. Fischer as Co-Tr. of Dorothy L. Fischer Tr.*, 332 So. 3d 516, 521 (Fla. 4th DCA 2021); *O'Boyle*, 341 So. 3d at 342; *Travieso v. Travieso*, 474 So. 2d 1184, 1185 (Fla. 1985) "([W]hen a person is called to testify in any cause **if such person is presented and accepted by the court as an expert**, the party calling the witness may have an expert witness fee taxed if costs are awarded to that party.") (emphasis added).

Appellees contend that the Third District's decision in *Universal Property & Casualty Insurance Co. v. Deshpande*, 314 So. 3d 416 (Fla. 3d DCA 2020), supports the trial court's decision to tax their expert witness's fees as costs despite the fact that he did not testify at trial as a live witness or by deposition. However, *Deshpande* relies on *Wuesthoff Memorial Hospital v. Tapia*, 687 So. 2d 1370, 1371 (Fla. 1st DCA 1997), which cites to *Coastal Petroleum Co. v. Mobil Oil Corp.*, 583 So. 2d 1022 (Fla. 1991)). In *Wuesthoff*, a workers' compensation claim, the employer accepted the employee's permanent and total disability twenty-four hours prior to the hearing, and the court allowed the taxation of the cost of a doctor's independent medical examination but disallowed the doctor's bill for the time which he had allocated to his trial testimony. 687 So. 2d at 1371. In *Coastal Petroleum*, the plaintiff had voluntarily dismissed claims after eleven years of litigation. 583 So. 2d at 1024. The supreme court created a rule which allowed a party to seek costs in such a situation, stating: "When a voluntary dismissal occurs after an opposing party has incurred legitimate trial-preparation expenses, we believe the trial court properly may entertain a motion to award costs against the dismissing party." *Id.* at 1025.

*Wuesthoff* and *Coastal Petroleum* are distinguishable from the present facts, as both cases had involved the dismissal of the cause of action on the trial doorstep. Here, a full trial was presented to the court, but the experts were not allowed to testify.

6

Appellees' expert witness did not testify, because as the trial court had forewarned, his testimony would not be allowed on an issue of legal interpretation. Therefore, the court erred in assessing his fee as a cost. In addition, the costs included a duplicate charge for the expert's fee, which the appellees concede. On remand, the court should deduct those costs from the judgment.

### (c) Fees Assessed for a Petition for Certiorari

During the litigation, the Association filed a pre-trial petition for writ of certiorari to this court, which we dismissed. In that proceeding, appellees moved for attorney's fees in this court, and we *denied* their motion. Nevertheless, appellees requested, and the trial court awarded, attorney's fees for their representation in that appellate proceeding. This was error.

"Trial courts . . . have no authority to award prevailing party attorney's fees for an appeal unless specifically authorized to do so by the appellate court." *Aksomitas v. Maharaj*, 771 So. 2d 541, 544 (Fla. 4th DCA 2000), *disapproved on other grounds by*, *Brass & Singer, P.A. v. United Auto. Ins. Co.*, 944 So. 2d 252 (Fla. 2006). This applies equally to petitions for certiorari. *See Bartow HMA, LLC v. Kirkland*, 146 So. 3d 1213, 1215 (Fla. 2d DCA 2014).

Accordingly, the trial court had no authority to award attorney's fees for services in the appellate court. Only we could award appellate attorney's fees, and appellees' motion was denied. On remand, the court should deduct those fees from the judgment.

### (d) Attorney's Fees for Post-Judgment Matters

The appellees claimed attorney time of 58.1 hours spent on matters post-judgment, to which the Association objected. This claim included attorney's fees for responding to the Association's original motion for rehearing (which was eighty-three pages long) and the Association's subsequent motion seeking entitlement to attorney's fees. In addition, appellees had to file several motions to enforce the trial court's orders because the Association continued to obstruct access to the documents. The trial court allowed these fees. The Association contends on appeal that section 718.1255(4)(*l*), Florida Statutes (2023), the applicable statutory authority for attorney's fees, does not allow for post-judgment fees.

7

Section 718.1255(4)(*l*) states:

> The party who files a complaint for a trial de novo shall be assessed the other party's arbitration costs, court costs, and other reasonable costs, including attorney fees, investigation expenses, and expenses for expert or other testimony or evidence incurred after the arbitration hearing if the judgment upon the trial de novo is not more favorable than the arbitration decision. If the judgment is more favorable, the party who filed a complaint for trial de novo shall be awarded reasonable court costs and attorney fees.

*Id.*

Section 718.1255(4)(*l*) requires the assessment of attorney's fees on a trial de novo from an arbitration order "incurred after the arbitration hearing." While the award to the party not requesting trial de novo is dependent upon the judgment not being more favorable than the arbitration decision, section 718.1255(4)(*l*) does not state that attorney's fees are awardable only up to the issuance of the judgment, as the Association argues. Because all of the fees sought by appellees were incurred after the arbitration hearing and in the proceeding of a trial de novo, section 718.1255(4)(*l*) authorizes an award to include them.

Moreover, section 718.1255(4)(*l*) must be interpreted in pari materia with the surrounding statutes. *See Fla. Dep't of State v. Martin*, 916 So. 2d 763, 768 (Fla. 2005). Section 718.1255(4)(m), the next subsection, provides:

> Any party to an arbitration proceeding may enforce an arbitration award by filing a petition in a court of competent jurisdiction in which the condominium is located . . . . If the petition for enforcement is granted, the petitioner shall recover reasonable attorney fees and costs incurred in enforcing the arbitration award.

§ 718.1255(4)(m), Fla. Stat. (2019). Thus, attorney's fees incurred in the enforcement of the provisions of the arbitration award are compensable. Here, the trial court adopted the arbitration award in its final judgment. We conclude that the attorney's fees expended in seeking enforcement of that award are also awardable as "incurred after the arbitration hearing."

8

As to the time spent litigating fee entitlement, the trial court correctly awarded post-judgment time for appellees' attorney's fees and costs to address the Association's continued assertion after the final judgment that it was entitled to fees pursuant to section 718.1255. *See Int'l Vill. Ass'n, Inc. v. Weiss*, 341 So. 3d 349, 350–51 (Fla. 4th DCA 2022) (noting as well established that a party may recover attorney's fees for time establishing entitlement to fees when addressing the award of fees based on a different sub-section of section 718.1255, and finding fees should be awarded because "the Unit Owner continued to challenge the issue of entitlement after entry of the agreed order stipulating the Association was entitled to attorney's fees"); *see also State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993) (holding that attorney's fees may be awarded for litigating the issue of entitlement to attorney's fees).

We conclude that the court did not err in including the post-judgment fees sought in this case.

### (e) The Judgment's Calculation of Attorney's Fees and Costs

The Association also attacks various attorney's fees and costs, some based on mathematical errors. From our review, we agree with the Association that Attorney Salivar's time is overstated by 10.9 hours.[2] This mathematical error must be corrected on remand. As to Attorney Schwartz, the Association has failed to demonstrate in the evidence the claimed discrepancy in billing. *See Lynn v. City of Fort Lauderdale*, 81 So. 2d 511, 513 (Fla. 1955) (stating "when a decree of the trial court is brought . . . on appeal the duty rests upon the appealing party to make error clearly appear"). However, because appellees concede that, as to Mr. Schwartz, the amount awarded should be reduced by $86.40, the trial court should deduct that amount on remand.

The Association also pointed out, and appellees concede, that an invoice for a deposition awarded by the court appears twice in the billing. That duplicate cost should be deducted on remand.

Finally, because the trial court awarded prejudgment interest on the attorney's fees and costs award from the date of the finding of entitlement, the interest should be recalculated after the trial court reduces the amount

---

[2] The mathematical error appears in the Third Invoice, identified by the Association. Counting the individual entries of hours on that invoice, the hours are 10.9 less than the total listed.

of attorney's fees and costs in accordance with this opinion. *See Quality Eng'red Installation, Inc. v. Higley S., Inc.*, 670 So. 2d 929, 931 (Fla. 1996).

## Conclusion

For the foregoing reasons, we dismiss the Association's claim that it was the prevailing party. We reverse certain attorney's fees and costs as set forth in this opinion, as well as reverse for a recalculation of prejudgment interest. We remand for further proceedings.

*Affirmed in part and reversed in part.*

GERBER and KUNTZ, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***