TORPY, C.J.
The issue in this case is whether the owner of a parcel of property, acquired by tax deed, is liable to homeowners’ associations for unpaid assessments that accrued prior to the issuance of the tax deed. The trial court entered summary judgment against Appellant, ruling that it was liable for unpaid assessments that accrued before issuance of the deed. We hold that the liability for the assessments did not survive the issuance of the tax deed.
Appellant acquired the subject parcel by tax deed. It initiated an action to quiet title against the prior owner and two homeowners’ associations holding liens on the property for unpaid assessments (collectively, “Appellees”). No one contested the validity of the tax deed. Appellees defended the quiet title action, asserting that Appellant remained liable for the unpaid assessments by virtue of section 720.3085(2)(b), Florida Statutes (2011), which imposes joint and several liability on a parcel owner for unpaid assessments that “came due up to the time of transfer of title.” Appellant countered that the lien and liability to pay unpaid assessments were extinguished upon issuance of the tax deed by virtue of sections 197.552 and 197.573(2), Florida Statutes (2011), which provide in essence that “covenants creating any debt or lien ... upon ... property ... or requiring the grantee to expend money for any purpose” do not “survive the issuance of a tax deed.” (Emphasis added).
The trial judge granted summary judgment in favor of Appellees, concluding that, although the liens for unpaid assessments did not survive the issuance of the tax deed by operation of sections 197.552 and 197.573(2), pursuant to section 720.3085(2)(b), Appellant remained personally liable for the assessments. We reverse.
Sections 197.552 and 197.573(2) specifically address the survival of restrictive covenants after issuance of a tax deed. The combined effect of these statutes, as it pertains here, is to preserve the validity of covenants that control the use of the property, but extinguish all such covenants, upon issuance of a tax deed, to the extent that they authorize a lien for unpaid assessments or “[require] the grantee to expend money .... ” (Emphasis added). Clearly, this extinguishes not only the lien itself but the indebtedness, at least to the extent of the grantee’s liability for the debt.
*621 Section 720.3085(2)(b), on the other hand, is a more general statute that purports to impose liability on any grantee for unpaid assessments, without specific reference to the manner by which the grantee acquires title. If section 720.3085(2)(b) is construed to apply here, it is directly contradictory to the more specific sections 197.552 and 197.573(2). Under basic statutory principles, when two statutes embrace the same subject and produce contradictory results, we are compelled to construe the statutes so that the specific statute is given effect and the general statute is given effect only to the extent that it does not contradict the specific statute. Adams v. Culver, 111 So.2d 665, 667 (Fla.1959). Doing so here leads us to the inescapable conclusion that section 720.3085(2)(b) does not apply to a parcel owner who acquires title by tax deed.
Appellees’ argument that the two statutes may be reconciled so that the lien is extinguished but the debt survives and becomes a personal liability of the grantee is unpersuasive. Sections 197.552 and 197.573(2) extinguish any covenant that creates a lien or requires a grantee to “expend money for any purpose” for debts that precede the issuance of the tax deed. Both the lien and the grantee’s liability for the preexisting debt are extinguished upon issuance of the deed. See also Cricket Props., LLC v. Nassau Pointe at Heritage Isles Homeowners Ass’n, 124 So.3d 302 (Fla. 2d DCA 2013).
On remand, the trial judge shall revise the judgment in a manner consistent with this opinion.
REVERSED AND REMANDED.
GRIFFIN and BERGER, JJ., concur.