TAYLOR, J.
A to Z Properties, Inc., appeals a circuit court order finding it liable to Fairway Palms II Condominium Association (“Association”) for $16,291.61 in unpaid assessments on a condominium unit that appellant acquired by a tax deed. Because the unpaid assessments did not survive the issuance of the tax deed, we reverse.
In October 2010, appellant purchased a condominium unit for $21,100 at a tax sale. The Association is responsible for management of the condominium where the unit is located. At the time the tax deed was issued to appellant, the prior owners of the unit owed the Association $16,291.61 in unpaid assessments.
About two weeks after buying the unit at the tax sale, appellant sold the unit to Rafael Charre-Sanchez (“Sanchez”) for $30,000. In February 2011, the Association recorded a claim of lien on the unit for the unpaid assessments. The Association later filed suit against appellant and Sanchez. In the Second Amended Complaint, the Association brought a count against Sanchez for foreclosure of the lien and a count against both appellant and Sanchez to recover a money judgment for the unpaid assessments.
Appellant and the Association each moved for partial summary judgment on the issue of whether appellant and Sanchez were liable for the unpaid assessments that accrued on the unit prior to their ownership. The parties stipulated to the material facts.
After hearing argument from the parties, the trial court entered its Order on *455 Plaintiffs Motion for Partial Summary Judgment, finding that appellant was liable to the Association for the $16,291.61 in unpaid assessments on the condominium unit. The trial court ruled that appellant was liable for the unpaid assessments under section 718.116(l)(a), Florida Statutes. The trial court rejected appellant’s argument that section 197.552, Florida Statutes, extinguished the unpaid assessments. Later, the trial court denied appellant’s motion for rehearing, prompting this appeal.
On appeal, appellant argues that, pursuant to section 197.552, the unpaid assessments did not survive the issuance of the tax deed. Appellant maintains that the provisions of Chapter 197 concerning tax collections control over the provisions of Chapter 718 concerning the collection of condominium assessments.
In response, the Association argues that liability for unpaid assessments under section 718.116(l)(a) does not attach until one becomes a “unit owner,” and that section 197.552 does not have any effect on the liability imposed by section 718.116(1)(a).
“The standard of review governing a trial court’s ruling on a motion for summary judgment posing a pure question of law is de novo.” Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001).
Chapter 197 of the Florida Statutes governs tax collections, sales, and liens. Section 197.552 states in relevant part: “Except as specifically provided in this chapter, no right, interest, restriction, or other covenant shall survive the issuance of a tax deed .... ” § 197.552, Fla. Stat. (2010).
Section 197.573, in turn, addresses the survival of restrictions and covenants after a tax sale. Generally, when a deed in the chain of title contains restrictions and covenants running with the land, the restrictions and covenants shall survive and be enforceable after the issuance of a tax deed. See § 197.573(1), Fla. Stat. (2010). However, while section 197.573 applies to the “usual restrictions and convenants” limiting the use of the property, “this section shall not protect covenants creating any debt or lien against or upon the property ... or requiring the grantee to expend money for any purpose.... ” § 197.573(2), Fla. Stat. (2010). “Thus, under sections 197.552 and 197.573(2), neither covenants governing assessments nor liens for unpaid assessments survive the issuance of a tax deed.” Cricket Props., LLC v. Nassau Pointe at Heritage Isles Homeowners Ass’n, Inc., 124 So.3d 302, 305 (Fla. 2d DCA 2013).
Section 718.116(l)(a), by contrast, addresses liability for assessments on condominiums and provides in pertinent part:
A unit owner, regardless of how his or her title has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments which come due while he or she is the unit owner. Additionally, a unit owner is jointly and severally liable with the previous owner for all unpaid assessments that came due up to the time of transfer of title. ...
§ 718.116(l)(a), Fla. Stat. (2010) (emphasis added).
Recently, both the Second and Fifth Districts addressed the interplay between Chapter 197 and statutory provisions regarding liability for unpaid assessments. Our sister courts held that an owner of property acquired by tax deed is not liable to an association for unpaid assessments that accrued prior to the issuance of the tax deed. See Lunohah Invs., LLC v. Gaskell, — So.3d —, 2013 WL 6816627, 39 Fla. L. Weekly D41 (Fla. 5th DCA 2013); Cricket Props., 124 So.3d at 307. *456 Although these cases involved liability for assessments under a statute governing homeowners associations, see § 720.3085(2), Fla. Stat., their reasoning applies equally to liability for assessments on a condominium unit. Section 718.116(1)(a) contains language that is identical in all relevant respects to the language of section 720.3085(2).
Although section 718.116(l)(a) imposes liability for unpaid assessments on a unit owner of property acquired by “transfer of title,” it is well-settled that acquisition of title by tax deed does not represent a transfer of title but instead constitutes the commencement of a “new, original and paramount” title. See Cricket Props., 124 So.3d at 306. Therefore, section 718.116(1)(a) does not save liens for unpaid assessments from extinguishment under Chapter 197 when unit owners acquire title by tax deed. See id. at 307. Instead, unit owners “who acquire title by transfer, rather than by tax deed, remain liable for unpaid assessments.” Id.
Moreover, “[u]nder basic statutory principles, when two statutes embrace the same subject and produce contradictory results, we are compelled to construe the statutes so that the specific statute is given effect and the general statute is given effect only to the extent that it does not contradict the specific statute.” Lunohah Invs., — So.3d at —, 39 Fla. L. Weekly at D41. Thus, sections 197.552 and 197.573(2) control over section 718.116(l)(a), because they are “the more specific statutes as to the key issue, and any conflict must be resolved in their favor.” Cricket Props., 124 So.3d at 307.
In the present case, we follow the well-reasoned opinions of our sister courts on this issue. As the Fifth District explained: “Sections 197.552 and 197.573(2) extinguish any covenant that creates a lien or requires a grantee to ‘expend money for any purpose’ for debts that precede the issuance of the tax deed. Both the lien and the grantee’s liability for the preexisting debt are extinguished upon issuance of the deed.” Lunohah Invs., — So.3d at —, 39 Fla. L. Weekly at D41 (emphasis removed).
Accordingly, we reverse the order on appeal and remand with directions for the trial court to enter summary judgment in favor of appellant and to conduct further proceedings consistent with our ruling.

Reversed and Remanded.

DAMOORGIAN, C.J., and LEVINE, J„ concur.