DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE MARBELLA CONDOMINIUM ASSOCIATION, INC.,
NORMAN SLOANE, CARRIE MCGUIRK, GREGG SCHNEIDER,
DANIEL SCHUTZER, ANDREW PARKER, ADAM BORNSTEIN,
ROBERT CASSANDRO,** and **PETER MONHEIM,**
Appellants,

v.

**RICHARD A. JOSEPHER, JACK J. LEONE,** and
**ERIK WEISS,**
Appellees.

No. 4D2023-1192

[March 27, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Nutt, Judge; L.T. Case No. 502017CA009103.

Henry B. Handler, William J. Cornwell, William J. Berger, and David K. Friedman of Weiss Handler & Cornwell, P.A., Boca Raton, for appellants.

Richard A. Josepher of Gutter Chaves Josepher Rubin Forman Fleisher Miller, P.A., Boca Raton, for appellees.

CONNER, J.

The Marbella Condominium Association and its board of directors appeal the trial court's final judgment declining to award the association's trial court and appellate attorney's fees on statutory grounds even though the trial court had found the association was the prevailing party in a derivative action. The derivative action was brought by the appellees as condominium unit owners (the "unit owners"). This is the second time the case has been appealed to this Court.[1]

The association argues the trial court erred in denying prevailing party fees to the association for two reasons: (1) our order awarding fees in the prior appeal was dispositive on the issue; and (2) section 718.303(1),

---

[1] We issued a per curiam affirmance in *Josepher v. Marbella Condominium Assoc., Inc.*, 356 So. 3d 800 (Fla. 4th DCA 2022).

Florida Statutes (2022), controls the award of fees in this case, rather than section 617.07401(5), Florida Statutes (2022). We agree with the association that section 718.303(1) is the controlling statute in this case and therefore reverse on that issue. We decline to address the first issue.

*Background*

The unit owners sought a declaratory judgment claiming the association and its directors breached their fiduciary duties under Chapters 617 and 718, Florida Statutes (2022), by allowing other unit owners exclusive use of a boat marina. The trial court granted summary judgment in favor of the association and directors. The unit owners appealed the summary judgment.

Pending resolution of the first appeal, the association and directors moved for prevailing party attorney's fees under section 718.303(1). Alternatively, the motion sought fees under the condominium documents. As to the individual directors, the motion sought fees pursuant to section 617.07401(5).

At the hearing on the Association's trial court fees while the first appeal was pending, the trial court noted its confusion based on how the parties had briefed and argued the issues, including inconsistent caselaw representations. The trial court denied the fees motion. The trial court did not state its reasoning, but simply said: "Denial is without prejudice as to section 718.303 in light of the issue being raised in the appellate court should [the association and directors] prevail."

In the first appeal, the association and directors moved for fees on the same three grounds as in the trial court. In tandem with our per curiam affirmance, we issued an order granting prevailing party appellate fees, pertinently stating:

> ORDERED that [the association's] July 20, 2022 motion for appellate attorney's fees is granted <u>conditioned on the trial court determining that [the association is] the prevailing party</u> and, if so, setting the amount of the attorney's fees to be awarded for this appellate case.

(Emphasis added).

The unit owners moved to clarify our fees order as to which of the three grounds asserted in the fees motion was the basis for the award. We denied the motion for clarification and entered the mandate.

2

Following remand, the association moved the trial court to determine entitlement to appellate and trial court prevailing party attorney's fees. The association noted our orders granting appellate fees and denying clarification, as well as the trial court's prior order denying fees without prejudice pending resolution of the appeal.

At the entitlement hearing, the trial court stated it had already determined the association was the prevailing party. The unit owners agreed. The trial court considered our appellate fees order, noting it "only gave one condition" (namely, status as a prevailing party). The trial court then stated, "So I'm going to stick to my analysis. I think that the [appellate] court left open the issue. I don't view myself as constrained by a clear mandate."

The trial court then ruled that section 617.07401(5) applied to the fees determination and that the association was required to show the action was commenced without reasonable cause. After determining the unit owners had reasonable cause for the derivative action, the trial court entered a written order denying the association's second fees motion. The association and directors gave notice of appeal.

*Appellate Analysis*

"A party's entitlement to attorney's fees is reviewed *de novo*." *Ayala v. Interavia Spares & Servs., Inc.*, 350 So. 3d 388, 391 (Fla. 4th DCA 2022) (quoting *De La Riva v. Chavez*, 303 So. 3d 955, 958 (Fla. 4th DCA 2020)); *Waverly at Las Olas Condo. Ass'n, Inc. v. Waverly Las Olas, LLC*, 88 So. 3d 386, 389 (Fla. 4th DCA 2012).

Because the order on appeal addresses the award of both trial court fees and appellate fees, we have jurisdiction in this case to address the denial of appellate fees as well as the denial of trial court fees. *See Starcher v. Starcher*, 430 So. 2d 991 (Fla. 4th DCA 1983) (creating a limited exception to Florida Rule of Appellate Procedure 9.400(c) as the sole remedy to review the trial court's order on remand to determine appellate attorney's fees where on remand the trial court was required to resolve other matters); *see also Magner v. Merrill Lynch Realty/MCK, Inc.*, 585 So. 2d 1040 (Fla. 4th DCA 1991) (interpreting the *Starcher* exception to allow "[a] timely challenge to an attorney's fee award [to] be consolidated with a simultaneous plenary appeal where strict compliance with Fla. R. App. P. 9.400(c) would unnecessarily result in multiple actions").

3

The association and directors argue the trial court erred in denying their motion for trial and appellate attorney's fees by incorrectly applying section 617.07401(5) to the motion rather than section 718.303(1). Section 718.303(1) was the primary basis for their motion for fees both in the trial court and on appeal.  Section 617.07401(5) was merely an alternative basis upon which the motion relied.

Section 718.303(1) provides for an award of fees in actions involving condominium associations and unit owners:

> The prevailing party in any such action or in any action in which the purchaser claims a right of voidability based upon contractual provisions as required in s. 718.503(1)(a) is entitled to recover reasonable attorney fees. . . . This relief does not exclude other remedies provided by law.  Actions arising under this subsection are not considered actions for specific performance.

§ 718.303(1), Fla. Stat. (2022) (emphasis added).

Section 617.07401(5) provides for an award of attorney's fees in derivative actions against not-for-profit corporations as follows:

> Upon termination of the proceeding, the court may require the plaintiff to pay any defendant's reasonable expenses, including reasonable attorney's fees, incurred in defending the proceeding if it finds that the proceeding was commenced without reasonable cause.

§ 617.07401(5), Fla. Stat. (2022) (emphasis added).

We begin by noting that the parties disagree on whether the two fees statutes conflict with one another.  The association contends the statutes conflict; the unit owners contend both statutes are prevailing party fee statutes and section 617.07401(5) simply adds an additional element for prevailing party status applicable only in derivative cases.

We agree with the association that the two fees statutes are in conflict. While they both address the same subject matter—entitlement to attorney's fees—the test for entitlement is different between the two statutes.  Section 718.303(1) provides for a mandatory fees award, applying single element test (a determination the movant prevailed) for entitlement which applies to either party. *See Cornfeld v. Plaza of the Americas Club, Inc.,* 306 So. 3d 1136, 1139 (Fla. 3d DCA 2020) (noting

4

that section 617.07401(5) treats prevailing plaintiffs and prevailing defendants differently); *Villa Sorrento, Inc. v. Elden*, 458 So. 2d 1177, 1177 (Fla. 4th DCA 1984) (interpreting similar language in chapter 719 (governing cooperatives) as mandatory). Section 617.07401(5) provides for a <u>discretionary</u> fees award <u>to a defendant only</u>, applying a <u>two-element test</u> (i.e., determinations the defendant prevailed and the proceeding was commenced without reasonable cause). *Cornfeld*, 306 So. 3d at 1139. These statutory tests necessarily conflict and cannot be harmonized.

Because the statutes are conflicting, section 617.1703(1)(a), Florida Statutes (2022), controls the outcome of this case. Section 617.1703(1)(a) provides that when a conflict exists between chapter 617 and chapter 718, chapter 718 controls:

> This chapter [617] is applicable to a corporation that is an association as defined in and regulated by any of chapter 718 regarding condominiums . . . <u>except</u>:
>
> 1. For any conflict between the provisions of this chapter and chapter 718 . . . ; or
>
> 2. As otherwise provided for in chapter 718 . . . .

§ 617.1703(1)(a), Fla. Stat. (2022) (emphasis added).[2] Accordingly, section 718.303(1) controls over section 617.1703(1)(a).

More importantly, because section 617.1703(1)(a) is clear and unambiguous, it supersedes other rules of statutory construction. But even if we applied the "more specific statute" rule of statutory construction to the conflict between the statutes, *see A to Z Props., Inc. v. Fairway Palms II Condo. Ass'n, Inc.*, 137 So. 3d 453, 456 (Fla. 4th DCA 2014), section 718.303(1) would still prevail because chapter 718 (covering actions involving condominiums) is narrower than chapter 617 (covering actions involving not-for-profit corporations). *See, e.g., Towerhouse Condo., Inc. v. Millman*, 475 So. 2d 674, 676 (Fla. 1985) (holding limitation on condominium association's powers under the condominium act prevailed over general grant of powers enumerated in chapter 617, such that

---

[2] Although the Legislature amended section 617.1703 in 2021, the substance of this statute has remained the same since this action was initiated. *See* § 617.1703, Fla. Stat. (2017) ("In the event of any conflict between the provisions of this chapter and chapter 718 regarding condominiums . . . the provisions of such other chapters shall apply.").

association could not take action permissible under chapter 617, but which was not specifically permitted under the condominium act).

To the extent the issue has not been clearly decided before, we hold that in derivative actions filed involving condominium associations organized pursuant to chapter 718, an award of prevailing party attorney's fees is governed by section 718.303(1) and not section 617.07401(5) absent legislative amendments to the statutes.

The parties spend considerable time arguing positions regarding the effect of our order on appellate fees issued in the prior appeal. More specifically, the parties argue principles of trial court authority on remand and law of the case principles. Those arguments revolve around post-opinion motions filed in the prior appeal. Based on our holding here, we see no need to further discuss the arguments raised concerning those principles.

*Conclusion*

Because we hold that section 718.303(1), Florida Statutes (2022), governs a prevailing party attorney's fees award in derivative actions involving condominium associations organized pursuant to chapter 718, we reverse the order denying an award of appellate and trial court fees to the association and directors and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

KLINGENSMITH, C.J., and GROSS, J., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**

6